# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: Beyond Meat, Inc., Protein Content Marketing and Sales Practices Litigation | Case No.: 1:23-cv-00669 <br><br> Hon. Sara L. Ellis |

## PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Angelique Roberts, Hannah Offutt, Dylan Rushing, Orlandra Hawthorne, Nisha Albert, Adam Sorkin, Dartisha Anderson, Christine Borovoy, Todd Miller, Richard D. Garcia, Erica Nichols Cook, Jennifer Speer, Rosemarie Ramirez, Mary Yoon, Christopher Bates, and Stan Zakinov (collectively "Plaintiffs") individually, and on behalf of the Settlement Class, by and through their counsel, file their Unopposed Motion for Preliminary Approval of Settlement Agreement. In support thereof, as more fully set forth in Plaintiffs' accompanying Memorandum of Law ("Mem."), Plaintiffs state as follows:

1. This Action[1] involves Defendant Beyond Meat, Inc. ("Beyond Meat" or "Defendant") and its sale of the Beyond Meat Products, which Plaintiffs allege were deceptively marketed and sold to Plaintiffs. Defendant disputes these allegations.

2. Plaintiffs, individually, and on behalf of the Settlement Class, and Defendant have entered into a Settlement that resolves Plaintiffs' claims on a class-wide basis.

---

[1] All terms herein shall have the same meaning as in the Class Action Settlement Agreement and Release (the "Settlement") (Ex. B to the Declaration of Nick Suciu) unless otherwise defined.

3. The Settlement Class is defined as "All persons (individuals and/or entities) who purchased any Beyond Meat Product for household use and not for resale or distribution, from May 31, 2018 to and including the date of the Preliminary Approval Order." Settlement ¶ III(A).

4. The Settlement provides significant relief for the Settlement Class, including a non-reversionary Settlement Fund in the amount of $7,500,000.00.

5. The Court should find that the Settlement is fair, reasonable, and adequate. It meets all the Seventh Circuit's standards for the approval of class action settlements, as well as the Fed. R. Civ. P. 23(e)(2) factors, and therefore warrants preliminary approval. The Settlement was negotiated at arm's length by competent, experienced counsel, with the assistance of a third-party mediator, the Honorable Wayne R. Andersen (Ret.). It provides Settlement Class Members substantial monetary relief in a prompt and efficient manner while at the same time mitigating the risk of protracted litigation and/or a negative outcome that would preclude any recovery whatsoever for the Settlement Class.

6. Further, the Settlement Class satisfies the requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy.

7. The numerosity requirement is easily met because purchasers of the Beyond Meat Products during the relevant time period are indisputably in the tens of thousands and are geographically located throughout the United States, making joinder impracticable.

8. The commonality requirement is met because there are questions of law and fact common to the Settlement Class including, but not limited to, whether the Beyond Meat Products' protein content is mislabeled pursuant to the Federal Food, Drug, and Cosmetic Act, whether Defendant knowingly made misleading statements in connection with consumer transactions that reasonable consumers were likely to rely upon to their detriment, whether Defendant's acts violate

state consumer protection laws, and whether Plaintiffs received the benefit of the bargain when purchasing the Beyond Meat Products. These questions must all be resolved under a single objective standard.

9. Plaintiffs' claims are also typical of the claims of the Settlement Class. Specifically, Plaintiffs' claims, legal theories, and evidence are identical to those of other members of the Settlement Class. Plaintiffs, like all members of the Settlement Class, purchased the Beyond Meat Products during the Class Period and allegedly suffered damages because of Defendant's alleged misconduct.

10. Finally, Plaintiffs and Class Counsel will adequately protect the interest of the class. Plaintiffs' interests are coextensive with those of the Settlement Class. Like all members of the Settlement Class, Plaintiffs have claims against Defendant in connection with their purchase of Beyond Meat Products during the Class Period. Plaintiffs, like all members of the Settlement Class, were also allegedly injured by Defendant's allegedly wrongful acts. Proof of Plaintiffs' claims would necessarily involve adjudicating the same issues of law and fact as the claims of the Settlement Class as a whole. Thus, Plaintiffs and the Settlement Class they seek to represent have the same interests in recovering damages allegedly caused by Defendant's wrongful conduct. Likewise, Class Counsel are highly qualified and have a great deal of experience litigating consumer class actions. They will adequately represent the Settlement Class.

11. The Settlement Class also satisfies Rule 23(b)(3), which requires the Court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

12. Plaintiffs' claims involve common questions of law and fact because the same set of operative facts applies to the Settlement Class. Specifically, common questions include whether the Beyond Meat Products' protein content labeling is mislabeled, deceptive, and/or false. Accordingly, whether Defendant engaged in unfair practices will entail common proof. Thus, the "predominance" requirement is satisfied.

13. The requirement of superiority also is met because, given the relatively modest amounts that Settlement Class members would stand to recover in individual actions, it is improbable that many would possess the initiative to litigate individually. A class action is the superior method for the fair and efficient adjudication of these claims. Plaintiffs' claims are shared by tens of thousands of consumers nationwide, and resolution of all Settlement Class Members' claims in a single proceeding promotes judicial efficiency and avoids inconsistent decisions. Further, it is unlikely that any Settlement Class Member would be willing or able to pursue relief on an individual basis.

14. Plaintiffs also respectfully request that Class Counsel be appointed as counsel for the Settlement Class under Rule 23(g). Plaintiffs and the Settlement Class are represented by qualified and competent counsel. As set forth in their respective resumes, which are attached to the accompanying Declaration of Nick Suciu III, each firm has significant experience in the class action field, and each attorney has extensive experience prosecuting and resolving similar complex class actions.

15. Plaintiffs also respectfully ask the Court to approve the Class Notice, which is the best notice practicable under the circumstances. It includes a Long Form Notice, Publication Notice, and Settlement Website, and shall provide, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Deadline; a date by

which Settlement Class Members may exclude themselves from the Settlement Class; a date by which Settlement Class Members may object to the Settlement and/or to Class Counsel's Motion for Attorneys' Fees and Expenses and Service Awards; the date the Final Approval hearing is scheduled to occur; and the Settlement Website address at which Settlement Class Members may access this Agreement and other related documents and information.

16. The Class Notice is designed to directly reach a very high percentage of Settlement Class Members through the Publication Notice.

17. The Parties selected Kroll, LLC, a well-respected settlement administrator, to act as the Settlement Administrator, subject to Court approval. The Parties will jointly oversee the Settlement Administrator.

18. Class Counsel has conferred with Beyond Meat's Counsel, and Defendant does not oppose this motion.

19. Accordingly, for these reasons, and those set forth in Plaintiffs' Memorandum of Law filed contemporaneously herewith, Plaintiffs respectfully ask the Court to find the Settlement is fair, adequate, and reasonable and enter an order: (i) granting preliminary approval of the Settlement; (ii) provisionally certifying the Settlement Class for settlement purposes; (iii) appointing Plaintiffs as Class Representatives and Class Counsel as counsel for the Settlement Class; (iv) approving the form and manner of the Class Notice; (v) appointing Kroll, LLC as Settlement Administrator; (vi) establishing deadlines for the exclusion and objection period; and (vii) scheduling a Fairness Hearing at which the Court will consider final approval of the Settlement, Settlement Class certification, and Class Counsel's Motion for Attorneys' Fees and Expenses and Service Awards for the Class Representatives.

Dated: August 5, 2024                                    Respectfully submitted,

By: */s/ Nick Suciu III*

Nick Suciu III
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
6905 Telegraph Road, Suite 115
Bloomfield Hills, Michigan 48301
Telephone: (313) 303-3472
Facsimile: (865) 522-0049
Email: nsuciu@milberg.com

Joel D. Smith
**SMITH KRIVOSHEY, P.C.**
867 Boylston Street
5th Floor, #1520
Boston, MA 02116
Telephone: 617-377-7404
Email: joel@skclassactions.com

Jonathan Shub
**SHUB LAW FIRM LLC**
134 Kings Highway E, 2nd Floor
Haddonfield, New Jersey 08033
Telephone: (856) 772-7200
Facsimile: (856) 210-9088
Email: jshub@shublawyers.com

Elizabeth A. Fegan
**FEGAN SCOTT LLC**
150 South Wacker Drive, 24th Floor
Chicago, Illinois 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100
Email: beth@feganscott.com

Jason P. Sultzer
**THE SULTZER LAW GROUP P.C.**
85 Civic Center Plaza, Suite 200
Poughkeepsie, New York 12601
Telephone: (845) 483-7100
Facsimile: (888) 749-7747
Email: sultzerj@thesultzerlawgroup.com

Robert K. Shelquist
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Ave. S, Suite 2200
Minneapolis, Minnesota 55401
Mobile: (612) 991-2934
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Email: rkshelquist@locklaw.com

*Co-Lead Counsel for Plaintiffs and the Class*

7

## **CERTIFICATE OF SERVICE**

I, Nick Suciu III, the undersigned attorney, hereby certify that on August 5, 2024, I caused the foregoing Motion to be served upon all counsel of record via the Court's ECF system.

/s/ *Nick Suciu III*

Nick Suciu III