# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: Beyond Meat, Inc., Protein Content Marketing and Sales Practices Litigation | ) ) ) ) ) ) | Case No. 1:23-cv-00669 <br><br> MDL No. 3059 <br><br> Judge Sara L. Ellis |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release is entered into between and among (1) Angelique Roberts, Hannah Offutt, Dylan Rushing, Orlandra Hawthorne, Nisha Albert, Adam Sorkin, Dartisha Anderson, Rosemarie Ramirez, Mary Yoon, Christopher Bates, Christine Borovoy, Richard D. Garcia, Erica Nichols Cook, Jennifer Speer, Todd Miller, and Stan Zakinov, on behalf of themselves and as representatives of the Settlement Class and (2) Beyond Meat, Inc., in order to effect a full and final settlement and dismissal with prejudice of all claims against Beyond Meat alleged in the litigation known as *In Re: Beyond Meat, Inc. Protein Content Marketing and Sales Practices Litigation*, Case No. 1:23-cv-00669, MDL No. 3059 (N.D. Ill.), on the terms set forth below and to the full extent reflected herein. Capitalized terms shall have the meaning ascribed to them in Section II of this Agreement.

### I. RECITALS

**WHEREAS**, on May 3, 2023, Plaintiffs filed a consolidated class action complaint in *In Re: Beyond Meat, Inc. Protein Content Marketing and Sales Practices Litigation*, Case No. 1:23-cv-00669, MDL No. 3059 (N.D. Ill.), alleging, *inter alia*, that the labels and related marketing of Beyond Meat products overstate the protein content and quality, giving rise to claims under the Magnusson-Moss Warranty Act, various states' consumer fraud statutes, breach of express and

implied warranty, and common law theories of unjust enrichment, negligent misrepresentation and fraud;

**WHEREAS**, as a result of extensive arm's length negotiations, including numerous negotiations by telephone, and with the assistance of the Honorable Wayne R. Andersen (Ret.) of JAMS serving as mediator, Plaintiffs, Class Counsel and Beyond Meat have entered into this Agreement;

**WHEREAS**, Class Counsel have made a thorough investigation of the facts and circumstances surrounding the allegations asserted in the Action and have engaged in investigation and discovery of the claims asserted therein, based upon their investigation, and taking into account the risks, uncertainties, burdens and costs of further prosecution of their claims and taking into account the substantial benefits to be received pursuant to this Agreement as set forth below, which, in the view of Plaintiffs and Class Counsel, is designed for the purpose of resolving all controversies with Beyond Meat that were or could have been alleged or brought and that a resolution and compromise on the terms set forth herein is fair, reasonable, adequate and in the best interests of Plaintiffs and the Settlement Class;

**WHEREAS**, Beyond Meat denies and continues to deny each and every allegation of liability, wrongdoing and damages and further denies that the Action may be properly maintained as a class action except for settlement purposes. Nonetheless, without admitting or conceding any liability or damages whatsoever and without admitting any wrongdoing and without conceding the appropriateness of class treatment for claims asserted in any future complaint, Beyond Meat has agreed to settle the Action on the terms and conditions set forth in this Agreement solely to avoid the substantial expense, inconvenience, burden and disruption of continued litigation;

- 2 -

**WHEREAS**, Class Counsel represent and warrant that they are fully authorized to enter into this Agreement on behalf of Plaintiffs; and

**WHEREAS**, it is agreed that this Agreement shall not be deemed or construed to be an admission, concession or evidence of any violation of any federal, state or local statute, regulation, rule or other law or principle of common law or equity or of any liability or wrongdoing whatsoever by Beyond Meat or any of the Released Parties or of the truth or validity of any of the claims that Plaintiffs have asserted.

**NOW, THEREFORE**, without any admission or concession by Plaintiffs or Class Counsel of any lack of merit to their allegations and claims and without any admission or concession by Beyond Meat of any liability or wrongdoing or lack of merit in its defenses on the merits or to the propriety of class treatment of Plaintiffs' claims in a non-settlement context, in consideration of the mutual covenants and terms contained herein and subject to the final approval of the Court, Plaintiffs, Class Counsel and Beyond Meat agree as follows:

## II. DEFINITIONS

A.      As used in and solely for the purposes of this Agreement and the attached exhibits (which are an integral part of this Agreement and are incorporated in their entirety by reference), the following terms have the following meanings, unless this Agreement specifically provides otherwise:

1.      "Action" means *In Re: Beyond Meat, Inc. Protein Content Marketing and Sales Practices Litigation*, Case No. 1:23-cv-00669, MDL No. 3059 (N.D. Ill.) pending before the Honorable Sara J. Ellis.

2.      "Agreement" means this Class Action Settlement Agreement and Release as well as the exhibits attached hereto or incorporated herein, including any subsequent amendments and any exhibits to such amendments.

3. "Attorneys' Fees and Expenses" means such funds as may be awarded by the Court as described in Section V(A) of this Agreement.

4. "Beyond Meat" means Beyond Meat, Inc.

5. "Beyond Meat's Counsel" means Mark S. Mester, Robin M. Hulshizer, Renatta A. Gorski and Danny Dvorak of Latham & Watkins LLP.

6. "Beyond Meat Product" means any product developed and/or marketed by Beyond Meat, Inc. during the Class Period, including but not limited to the Beyond Meat Sausage Plant-Based Dinner Links, Beyond Meat Beef Plant-Based Patties, Beyond Meat Beef Plant-Based Ground Beef, Beyond Meat Breakfast Sausage Links, Beyond Meat Breakfast Sausage Patties, Beyond Meat Chicken Plant-Based Breaded Tenders, and Beyond Meat Meatballs Italian Style Plant-Based Meatballs.

7. "Cash Payments" means the partial refund amount to which Settlement Class Members who have purchased Beyond Meat Products and have submitted a Valid Claim are entitled as a benefit under this Agreement.

8. "Claim" means a claim for compensation as provided for under Section IV of this Agreement by a Settlement Class Member or his, her, or its representative.

9. "Claim Deadline" means the deadline by which Settlement Class Members must submit any Claim Form. The Claim Deadline shall be set by the Court in the Preliminary Approval Order, which in no instance shall be earlier than one hundred and eighty (180) days from the Notice Date.

10. "Claim Form" means the form that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein, which document shall be substantially in the form of Exhibit 1 hereto. Claim Forms may

- 4 -

be submitted via mail or online at the Settlement Website. For Claim Forms submitted online, the Settlement Class Member shall have the opportunity to upload proof of purchase files (e.g., jpg, tif, pdf, etc.) with their Claim Form, receive an email (1) confirming the submission of the Claim, (2) noting the time and date the Claim Form was filed, and (3) attaching a copy of the Claim Form that was submitted.

11. "Claims Period" means the time period during which Settlement Class Members may submit Claim Forms in accordance with the Claims Process. The Claims Period shall begin on the Notice Date and end on the Claim Deadline.

12. "Claims Process" means the process described in this Agreement and further agreed to by the Parties and the Settlement Administrator.

13. "Class Counsel" means Nick Suciu III of Milberg Coleman Bryson Phillips Grossman PLLC and additional counsel for Plaintiffs in the Action, collectively: Smith Krivoshey, P.C., Shub Law Firm, Fegan Scott LLC, The Sultzer Law Group P.C. and Lockridge Grindal Nauen PLLP.

14. "Class Period" means May 31, 2018 through the date on which the Court enters the Preliminary Approval Order.

15. "Court" means the United States District Court for the Northern District of Illinois.

16. "Defendant" means Beyond Meat, Inc.

17. "Deposit Amount" means the sum of two hundred and fifty thousand dollars ($250,000), which amount Beyond Meat shall pay or cause to be paid into the Escrow Account within fifteen (15) days after the entry of the Preliminary Approval Order to pre-pay certain of the

Settlement Administrator's fees and costs. Payment of the Deposit Amount shall constitute a credit in like amount against the Settlement Amount.

18. "Escrow Account" means the bank account established to hold the Settlement Fund as described in Section IV(B) below.

19. "Fairness Hearing" means the hearing conducted by the Court to determine whether to approve this Agreement as fair, reasonable, and adequate.

20. "Final Effective Date" means the date on which the Final Order and Final Judgment approving this Agreement becomes final. For purposes of this Agreement the Final Effective Date will be:

a. The date on which the time to appeal therefrom has expired, if no appeal has been taken from the Final Order and Final Judgment; or

b. The date on which all appeals therefrom, including petitions for rehearing or re-argument, petitions for rehearing *en banc* and petitions for *certiorari* or any other form of review, have been finally disposed of in a manner that affirms the Final Order and Final Judgment, if any appeal has been taken from the Final Order and Final Judgment; or

c. Any other date agreed to in writing by Lead Class Counsel and Beyond Meat's Counsel.

21. "Final Judgment" means the Court's final judgment as described in Section X(B) of this Agreement.

22. "Final Order" means the Court's Order approving the Settlement and this Agreement, as described in Section X(B) of this Agreement.

23. "Household" means a single dwelling unit or mailing address, as determined by the Settlement Administrator.

24.     "Lead Class Counsel" means certain counsel for Plaintiffs in the Action, namely: Nick Suciu III of Milberg Coleman Bryson Phillips Grossman PLLC.

25.     "Net Settlement Fund" means the Settlement Fund, minus any Court-approved Attorneys' Fees and Expenses, Service Awards and Notice and Administrative Costs.

26.     "Notice" or "Class Notice" means the notice to be approved by the Court in the forms attached hereto as Exhibits 2 and 3, which will notify the Settlement Class of preliminary approval of the Settlement and the scheduling of the Fairness Hearing, among other things.

27.     "Notice and Administrative Costs" means the reasonable and authorized costs and expenses of effecting notice in accordance with this Agreement and the Preliminary Approval Order and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Agreement, including but not limited to costs and expenses associated with assisting Settlement Class Members, processing claims, determining Valid Claims, distributing Cash Payments, including the costs associated with any re-issuance or additional distributions, and other reasonable and authorized fees and expenses incurred by the Settlement Administrator.

28.     "Notice Date" means the date by which the Settlement Administrator must (a) begin Publication Notice (b) create and activate the Settlement Website, and (c) establish the toll-free telephone number. The Notice Date shall be set by the Court in the Preliminary Approval Order, and shall be no later than sixty (60) days following the entrance of the Preliminary Approval Order.

29.     "Opt-Out" means member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section VII.

- 7 -

30.     "Opt-Out and Objection Deadline" means the date forty-five (45) days after the Notice Date by which objections and requests for exclusions to this Agreement must be submitted.

31.     "Opt-Out List" means the list compiled by the Settlement Administrator, identifying those members of the Settlement Class who properly and timely submit a request for exclusion from the Settlement Class.

32.     "Parties" means Plaintiffs and Beyond Meat, as each of those terms is defined in this Agreement.

33.     "Plaintiffs" means Angelique Roberts, Hannah Offutt, Dylan Rushing, Orlandra Hawthorne, Nisha Albert, Adam Sorkin, Dartisha Anderson, Rosemarie Ramirez, Mary Yoon, Christopher Bates, Christine Borovoy, Richard D. Garcia, Erica Nichols Cook, Jennifer Speer, Todd Miller and Stan Zakinov.

34.     "Preliminary Approval Order" means the Order to be entered by the Court preliminarily approving the Settlement as outlined in Section X(A) of this Agreement and in substantially the same form as Exhibit 4 hereto.

35.     "Publication Notice" means the publication notice program described in Section VI(D)(2). The Publication Notice will be created by the Settlement Administrator for appropriate publications in consultation with Class Counsel and Beyond Meat's Counsel.

36.     "Release" means the release and waiver set forth in Section IX(B) of this Agreement and in the Final Order and Final Judgment.

37.     "Released Claim" means any and all claims, demands, suits, petitions, liabilities, causes of action, rights, and damages of any kind and/or type regarding the subject matter of the Action, including, but not limited to, compensatory, exemplary, punitive, expert

- 8 -

and/or attorneys' fees or by multipliers, whether past, present, or future, mature, or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, derivative or direct, asserted or un-asserted, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim of any kind related arising from, related to, connected with, and/or in any way involving the Action, and the marketing, sale, or manufacture of Beyond Meat Product by Beyond Meat during the Class Period, in any manner that were, or could have been, asserted in the Action or any amendments of the Action.

38.     "Released Parties" or "Released Party" means Beyond Meat and each of its past, present and future parents, predecessors, successors, spin-offs, assigns, holding companies, joint-ventures and joint-venturers, partnerships and partners, principals, members, divisions, stockholders, bondholders, subsidiaries, related companies, affiliated entities, officers, directors, members of management or supervisory boards, employees, associates, dealers, representatives, suppliers, vendors, advertisers, service providers, distributors and sub-distributors, agents, insurers, reinsurers, attorneys, administrators, advisors, principals, independent contractors, investors, owners, trustees, heirs, beneficiaries, wards, estates, executors, administrators, receivers, conservators, personal representatives, divisions, and dealers and any others who may have acted or been claimed to have acted in concert with them, or who may be liable or who might be claimed to be liable. The Parties expressly acknowledge that each of the foregoing is included as a Released Party even though not identified by name herein.

39.     "Service Awards" means such funds as may be awarded by the Court to Plaintiffs to compensate them for their participation in the Action, as described in Section V(B) of this Agreement.

40.     "Settlement" means the settlement set forth in this Agreement.

41.     "Settlement Administrator" means the third-party agent or administrator agreed to by the Parties and appointed by the Court to implement the Class Notice and other settlement requirements of this Agreement. The Parties agree that Kroll shall serve as Settlement Administrator, subject to approval by the Court.

42.     "Settlement Amount" means seven million five hundred thousand dollars ($7,500,000) consideration to be paid by Beyond Meat.

43.     "Settlement Class" means, for settlement purposes only:

> All persons (individuals and/or entities) who purchased any Beyond Meat Product for household use and not for resale or distribution, from May 31, 2018 to and including the date of the Preliminary Approval Order.
>
> Excluded from the Settlement Class are: (i) Beyond Meat, Inc. and its officers, directors, and employees; and Beyond Meat, Inc.'s corporate affiliates and corporate affiliates' officers, directors, counsel, and employees; (ii) Class Counsel; (iii) the judges who have presided over the Action; and (iv) all other persons who timely elect to become opt-outs from the Settlement Class in accordance with the Court's Orders.

44.     "Settlement Class Member" means a member of the Settlement Class who has not Opted Out of the Settlement Class.

45.     "Settlement Fund" means the common fund in the amount of $7,500,000, described in Section IV(A) below, which will be used to pay Attorneys' Fees and Expenses, any Service Awards ordered by the Court, Notice and Administrative Costs, and all cash reimbursements to be paid to any Settlement Class Member under this Agreement. The Settlement Fund shall represent the maximum amount of Beyond Meat's monetary obligations under this Agreement, and in no event shall Beyond Meat be required to pay or contribute toward the Settlement more than the amount of the Settlement Fund.

46.     "Settlement Website" means the website dedicated to the Settlement to be created and maintained by the Settlement Administrator, as set forth in Section VI(D).

47. "Valid Claim" means a Claim Form submitted by a Settlement Class Member that is: (a) submitted in accordance with the directions accompanying the Claim Form and the provisions of the Settlement; (b) accurately, fully and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim Deadline, or, if submitted online, submitted by 11:59 p.m. Central Time on the Claim Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's requests for additional information may result in a determination that the Claim is not valid.

B. Other capitalized terms used in this Agreement but not defined in this Section shall have the meanings ascribed to them elsewhere in this Agreement.

C. All terms defined in this Agreement have the definition asserted herein solely for the purposes of this Agreement.

D. The terms "he or she" and "his or her" include "it" or "its" where applicable.

E. The plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be.

F. All time periods specified in this Agreement shall be computed in a manner consistent with Fed. R. Civ. P. 6.

### III. CERTIFICATION OF SETTLEMENT CLASS

A. The Parties stipulate to certification, for settlement purposes only, of a Settlement Class defined as follows:

All persons (individuals and/or entities) who purchased any Beyond Meat Product for household use and not for resale or distribution, from May 31, 2018 to and including the date of the Preliminary Approval Order. Excluded from the Settlement Class are Beyond Meat, Inc. and its officers, directors, and employees; and Beyond Meat, Inc.'s corporate affiliates and corporate affiliates' officers, directors, counsel, and employees; (ii) Class Counsel; (iii) the judges who have presided over the Action; and (iv) all other persons who timely elect to become Opt-Outs from the Settlement Class in accordance with the Court's Orders.

B.    Solely for the purpose of implementing this Agreement and effectuating the Settlement, Beyond Meat stipulates to the Court entering an order preliminarily certifying the Settlement Class, appointing Plaintiffs as representatives of the Settlement Class and appointing Class Counsel as counsel for the Settlement Class.

C.    Solely for the purpose of implementing this Agreement and effectuating the Settlement, Beyond Meat stipulates that Plaintiffs and Class Counsel meet the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3).

## IV.    SETTLEMENT RELIEF

A.    **Settlement Payment:** Pursuant to the terms and conditions set forth herein and in consideration of the promises, agreements and undertakings of Plaintiffs and Settlement Class set forth herein, Beyond Meat agrees to pay the Settlement Amount into the Escrow Account. Payment of the Settlement Amount shall be "ALL-IN" and in *full* satisfaction of all Settlement costs, including, without limitation, Cash Payments, the Deposit Amount, Notice and Administrative Costs, Attorneys' Fees and Expenses, and Service Awards. In no event shall Beyond Meat be obligated to contribute any amount in excess of the Settlement Amount to satisfy its Settlement payment obligations under this Agreement. All taxes on the income of the Settlement Fund and expenses and costs incurred in connection with the taxation of the Settlement Fund will be paid out of the Settlement Fund.

B. **Escrow Account:** Within fifteen (15) days after the Preliminary Approval Order is entered, Beyond Meat will pay the Deposit Amount into the Escrow Account. Beyond Meat shall pay the remaining $7,250,000 of the Settlement Amount into the Escrow Account within twenty (20) days of the Final Effective Date, but no earlier than January 3, 2025.

C. **Cash Payments to Settlement Class Members:** Subject to the terms of this Agreement, the following Cash Payments will be available to Settlement Class Members who submit a Valid Claim:

1. **Option 1 Partial Refund – With Proof of Purchase:** Settlement Class Members shall be entitled to receive a partial refund of $2 per Beyond Meat Product, with no cap on the number of Beyond Meat Products submitted, to be paid from the Net Settlement Fund in accordance with Sections IV(D), (J)-(L) upon completion and submission to the Settlement Administrator of a Claim Form, substantially in the form of Exhibit 1 (subject to Court approval) that contains, among other things, the following information:

a. The number of Beyond Meat Products purchased; and

b. Proof of purchase of Beyond Meat Products consisting of either of the following: (i) receipts showing Beyond Meat Product(s) and a purchase date in the Class Period; or (ii) UPC label taken from a Beyond Meat Product package that the Settlement Class Member affirms having purchased during the Class Period.

2. **Option 2 Partial Refund – Without Proof of Purchase:** Settlement Class Members shall be entitled to receive a partial refund of $2 per Beyond Meat Product, up to five (5) Beyond Meat Products per Household, for a total Cash Payment of $10, to be paid from the Net Settlement Fund in accordance with Sections IV(D), (J)-(L) upon completion and submission

- 13 -

to the Settlement Administrator of a Claim Form, substantially in the form of Exhibit 1 (subject to Court approval).

D.      **Cash Payment Allocation:** The amount of each Settlement Class Member's actual final Cash Payment from the Net Settlement Fund will be determined once all Valid Claims are approved.  If the Net Settlement Fund is not fully exhausted after payment of all Valid Claims, there may be a *pro rata* distribution of any remaining funds to each Settlement Class Member who made a Valid Claim.  If the total value of all Valid Claims exceeds the Net Settlement Fund, each Settlement Class Member's Cash Payment will be reduced on a *pro rata* basis.

E.      **Settlement Administrator Duties:** The Settlement Administrator in consultation with and with the agreement of Beyond Meat's Counsel and Class Counsel shall be responsible for, without limitation:

1.      Establishing a process through which Settlement Class Members may submit Claims for relief pursuant to this Section;

2.      Receiving and maintaining any correspondence from Settlement Class Members regarding Claims for relief under this Section;

3.      Forwarding all completed Claim Forms to Beyond Meat, Beyond Meat's Counsel, and Class Counsel;

4.      Performing any and all duties and tasks required to administer the process of receipt of Claim Forms, determining Valid Claims, distributing Cash Payments, and processing all Claims made by any Settlement Class Member pursuant to this Agreement; and

5.      Answering all Settlement Class Member inquiries in a timely and responsive manner.

- 14 -

F.      **Scope of Class Notice:**  The Parties further agree that neither the Parties, Class Counsel nor Beyond Meat's Counsel will send any notice to Settlement Class Members that is not approved by the Court or is outside the Court-approved Notice program, unless otherwise agreed to by the Parties.

G.      **Settlement Member Contact:**  If a Settlement Class Member contacts Beyond Meat during the Claims Period regarding a Beyond Meat Product purchased during the Class Period, Beyond Meat shall direct any such Settlement Class Member to the Settlement Administrator.  Beyond Meat shall not compensate any such Settlement Class Member except through the Claims Process.

H.      **Determination of Valid Claims:**  The Settlement Administrator will use adequate and customary procedures and standards to determine the validity of Claims and to prevent the payment of fraudulent Claims.  The Settlement Administrator may request additional information from Settlement Class Members regarding their Claims.  If any fraud is detected or reasonably suspected, the Settlement Administrator, in consultation with Class Counsel and Beyond Meat's Counsel, can require further information from the Settlement Class Members or deny the Claim. The Settlement Administrator determination is subject to the oversight of the Court.

I.      **Audit Rights:**  Beyond Meat will have the right to audit the Claim Forms.  Beyond Meat will provide Class Counsel with the results of any audit, as well as any claim file or other documentation related to the audit.  Beyond Meat's Counsel will meet and confer with Class Counsel, in consultation with the Settlement Administrator, regarding the results of any audit to determine whether and to what extent certain claimants should have their claims reduced or denied. Any disagreements between the Parties will be resolved by the Court.

J.      **Timing of Cash Payments:**  The Settlement Administrator will pay all initial Cash Payments as soon as reasonably practicable following the Final Effective Date, but no later than one hundred and twenty (120) days following the Final Effective Date.

K.      **Methods of Payments:**  Settlement Class Members shall be able to elect on their Claim Form their preferred method of payment, which shall include payment via (a) check mailed by first class U.S. Mail to the address provided by the Settlement Class member to the Settlement Administrator; (b) Venmo; (c) PayPal; (d) ACH; or (e) Zelle.

L.      **Check Cashing Deadlines & Additional Distributions:**  Any Cash Payment issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within ninety (90) days after the date of issuance.  To the extent any checks remain uncashed when they become null and void, the Settlement Administrator shall re-issue those checks within two hundred forty (240) days from the Final Effective Date, which will state on the face of the check that it will expire and become null and void unless cashed within ninety (90) days after the date of re-issuance.  To the extent funds remain unclaimed after the re-issuance, additional distributions may be made to participating Settlement Class Members on a *pro rata* basis, provided that Class Counsel and Beyond Meat's Counsel determine that such a re-distribution is cost effective.  The costs of carrying out the re-issuance and additional distributions shall be paid to the Settlement Administrator from the Net Settlement Fund.

M.      **Cy Pres Contribution.**  If re-distribution is determined not to be cost effective, the remainder of the funds will be distributed as cy pres to recipients agreed upon by Class Counsel and Beyond Meat's Counsel and reported to the Court.  No portion of the Settlement Fund will revert to Beyond Meat.

## V.    ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' SERVICE AWARDS

A.    **Attorney's Fees and Expenses.**  Within the time period established by the Court, and no later than sixty (60) days after the entry of the Preliminary Approval Order, Class Counsel will file a motion for approval of Attorneys' Fees and Expenses, and Service Awards to be paid from the Settlement Amount, which shall be included on the Settlement Website.  The Notice shall inform the Settlement Class Members that Class Counsel may apply for attorneys' fees and costs not to exceed one-third (1/3) of the Settlement Amount.  Any award of Class Counsel's Attorneys' Fees and Expenses from the Settlement Amount shall be subject to Court approval and will be paid from the Settlement Amount.  Under no circumstances will Beyond Meat be liable to Class Counsel or any other attorney or law firm, for, because of, relating to, concerning, or as a result of any payment or allocation of attorneys' fees made in accordance with this Settlement Agreement; and Class Counsel, and each of them, release Beyond Meat and the Released Parties from any and all disputes or claims because of, relating to, concerning, or as a result of any payment or allocation of attorneys' fees and costs made pursuant to this Settlement Agreement, including but not limited to any attorneys' liens.  Attorneys' Fees and Expenses approved by the Court shall be paid from the Settlement Fund within thirty (30) days after the Final Effective Date (provided that Class Counsel has first provided to the Settlement Administrator completed W-9 forms and completed wire transfer forms).

B.    Class Counsel will move for Service Awards of no more than two thousand five hundred dollars ($2,500) to each of the Plaintiffs in the Action, as may be approved by the Court. If approved by the Court, such Service Awards will be paid from the Settlement Fund no later than thirty (30) days after the Final Effective Date (provided that Class Counsel has first provided to the Settlement Administrator completed W-9 forms and completed wire transfer forms).

C. The procedure for and the allowance or disallowance by the Court of any application for Attorneys' Fees and Expenses or Service Awards are not material terms of the Settlement or this Agreement, and it is not a condition of this Agreement that any particular application for Attorneys' Fees and Expenses or Service Awards be approved. Plaintiffs and Class Counsel may not cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to any Service Award or award of Attorneys' Fees and Expenses. Any order or proceeding relating to any Service Award or award of Attorneys' Fees and Expenses, or any appeal from any such order, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of judgment approving this Agreement and the Settlement.

D. Lead Class Counsel shall have the sole authority and discretion to allocate any Court-approved Attorneys' Fees and Expenses amongst Class Counsel.

## VI. NOTICE TO THE CLASS

A. Reasonable Notice and Administrative Costs, as agreed to by the Parties, shall be paid by the Settlement Fund, as outlined in Section IV(A).

B. Solely for the purpose of implementing this Agreement and effectuating the Settlement, the Parties stipulate that they will request the Court to appoint Kroll as Settlement Administrator. Once approved by the Court, the Settlement Administrator will be an agent of the Court and will be subject to the Court's supervision and direction as circumstances may require. The Settlement Administrator shall use its best efforts to provide notice to the Settlement Class as described in this Agreement, the Preliminary Approval Order and as may be ordered by the Court.

C. The Settlement Administrator shall send to each appropriate State and Federal official the materials specified in 28 U.S.C. § 1715 no later than ten (10) days of Plaintiffs and Class Counsel filing the Motion for Preliminary Approval, and otherwise comply with its terms. Within fifteen (15) days after the Notice Date, the Settlement Administrator shall provide

declarations to the Court attesting to the measures undertaken to provide notice as directed by 28 U.S.C. § 1715.

D.     **Components of Class Notice.**  Class Notice shall be accomplished through a combination of Publication Notice, a Settlement Website, and other applicable forms of notice, each of which is described below, as specified in the Preliminary Approval Order and this Agreement and in order to comply with all applicable laws, including but not limited to, Fed. R. Civ. P. 23, the Due Process Clause of the United States Constitution, and any other applicable statute, law or rule.

1.     **Settlement Website.**  The Settlement Administrator shall establish a Settlement Website that will inform Settlement Class Members of the terms of this Agreement, their rights, dates and deadlines and related information, as well as allow Settlement Class Members to electronically submit Claim Forms.  The Settlement Website shall include, in .pdf format, materials agreed upon by the Parties and/or required by the Court, including a long form notice, which shall be in substantially the same form as Exhibit 2.

2.     **Publication Notice.**  The Settlement Administrator will cause Publication Notice to be published in accordance with a schedule and plan submitted by the Settlement Administrator to the Court, which shall be in substantially the same form as Exhibit 3.

3.     **Toll-Free Telephone Number.**  The Settlement Administrator shall establish a toll-free telephone number that will provide Settlement-related information to Settlement Class Members.

E.     The Settlement Administrator may make appropriate modifications to the Class Notice described in this Section and the Exhibits to this Agreement that have been approved by Beyond Meat, Beyond Meat's Counsel, Class Counsel and the Court, and are consistent with Due

Process and the terms of this Section. The Settlement Administrator may request the assistance of the Parties to facilitate Class Notice and to accomplish such other purposes as may be approved by Beyond Meat's Counsel and Class Counsel. The Parties shall reasonably cooperate with such requests.

F.     No notices of any kind shall be sent to Settlement Class Members other than the Class Notice specified in this Agreement and agreed to by the Parties.

G.     The Settlement Administrator shall provide a declaration to the Court attesting to the Class Notice and all measures undertaken to provide notice of the Settlement to the Settlement Class no later than twenty-eight (28) days before the Fairness Hearing.

## VII.     REQUESTS FOR EXCLUSION

A.     The Settlement Administrator shall provide a template exclusion form on the Settlement Website. Any member of the Settlement Class who wishes to be excluded from the Settlement Class must mail a written request for exclusion containing all of the information requested in the template exclusion form to the Settlement Administrator at the address provided in the Class Notice or submit a written request for exclusion containing all of the information requested in the template exclusion form via the Settlement Website, postmarked or submitted via the Settlement Website no later than the Opt-Out and Objection Deadline.

B.     The Settlement Administrator shall forward copies of any written requests for exclusion to Class Counsel and Beyond Meat's Counsel. The Settlement Administrator shall provide the Opt-Out List to Class Counsel and Beyond Meat's Counsel within a reasonable amount of time after the Opt-Out and Objection Deadline and shall file the Opt-Out List along with a declaration attesting to the completeness and accuracy thereof with the Court no later than twenty-eight (28) days before the date of the Fairness Hearing.

C.     If a potential Settlement Class Member files a request for exclusion, he or she may not file an objection under Section VIII.

D.     If a Settlement Class Member files both Claim Form and an exclusion request, the Claim Form shall take precedence and be considered valid and binding, and the exclusion request shall be deemed to have been sent by mistake and rejected.

E.     A member of the Settlement Class may opt-out on an individual basis only.  So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of members of the Settlement Class or multiple members of the Settlement Class where no personal statement has been signed by each and every individual member of the Settlement Class, shall not be allowed.

F.     Any member of the Settlement Class who does not file a timely written request for exclusion as provided in this Section shall be bound by all subsequent proceedings, orders and judgments, including, but not limited to, the Release, Final Order and Final Judgment in the Action, even if he, she or it has litigation pending or subsequently initiates litigation against Beyond Meat relating to the claims and transactions released in the Action.  Beyond Meat's Counsel shall provide to the Settlement Administrator, within ten (10) days of the entry of the Preliminary Approval Order, a list of all counsel for anyone who has then-pending litigation against Beyond Meat relating to Beyond Meat Products and/or otherwise covered by the Release.

## VIII.   OBJECTIONS TO SETTLEMENT

A.     Any Settlement Class Member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the Settlement, the award of Attorneys' Fees and Expenses or the Service Awards to Plaintiffs must deliver to Class Counsel and to Beyond Meat's Counsel and file with the Court by the Opt-Out and Objection Deadline a written statement of their objections.

B.      An objection must include (1) the full name and current address and telephone number of the Settlement Class Member; (2) proof, consisting of either a (i) receipt showing Beyond Meat Product(s) and a purchase date in the Class Period; or (ii) UPC label taken from a Beyond Meat Product package that the Settlement Class Member affirms having purchased during the Class Period that the Settlement Class Member purchased Beyond Meat Product(s) during the Class Period; (3) a statement of the amount of Beyond Meat Products purchased (in units or dollars); (4) all of the Settlement Class Member's objections, the reasons therefor, and all supporting papers, including, without limitation, all briefs, written evidence, and declarations; (5) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing; and (6) the Settlement Class Member's signature and the signature of any attorney representing the Settlement Class Member.  Neither an objection signed by counsel alone nor any "mass" or "class" objections shall be valid.  In addition, any Settlement Class Member objecting to the settlement shall provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years.  If the Settlement Class Member or his or her counsel has not made any such prior objection, the Settlement Class Member shall affirmatively so state in the written materials provided with the objection.

C.      Any Settlement Class Member who files and serves a written objection, as described in the preceding Paragraph, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement, or to the award of Attorneys' Fees and Expenses or the Service Awards to Plaintiffs.  Settlement Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a notice of

intention to appear to Class Counsel and Beyond Meat's Counsel, and file said notice with the Court, on a date ordered by the Court.

D.      Any Settlement Class Member who fails to comply with the provisions of Paragraphs B or C above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, the Final Order and the Final Judgment in the Action. The exclusive means for any challenge to this Settlement shall be through the provisions of this Section. Without limiting the foregoing, any challenge to the Settlement, Final Approval Order or Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through any collateral attack.

E.      Any Settlement Class Member who objects to the Settlement shall be entitled to all of the benefits of the Settlement if this Agreement and the terms contained herein are approved, as long as the objecting Settlement Class Member complies with all requirements of this Agreement applicable to Settlement Class Members.

## IX.    RELEASE

A.      The Parties agree to the following Release, which shall take effect upon entry of the Final Order and Final Judgment.

B.      In consideration of the Settlement, Plaintiffs and each Settlement Class Member, on behalf of themselves and any other legal or natural persons who may claim by, through or under them, agree to fully, finally and forever release, relinquish, acquit, discharge and hold harmless the Released Parties from any and all claims, demands, suits, petitions, liabilities, causes of action, rights, and damages of any kind and/or type regarding the subject matter of the Action, including, but not limited to, compensatory, exemplary, punitive, expert and/or attorneys' fees or by multipliers, whether past, present, or future, mature, or not yet mature, known or unknown,

- 23 -

suspected or unsuspected, contingent or non-contingent, derivative or direct, asserted or un-asserted, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim of any kind related, arising from, related to, connected with, and/or in any way involving the Action, and the marketing, sale, or manufacture of a Beyond Meat Product by Beyond Meat during the Class Period, in any manner that were, or could have been, asserted in the Action or any amendments of the Action. The Parties explicitly agree that this Release shall bind each Settlement Class Member, whether or not that Settlement Class Member claims and/or receives compensation under the Agreement.

C.    Notwithstanding the foregoing, Plaintiffs and Settlement Class Members are not releasing claims relating to Beyond Meat's performance of the obligations imposed upon it by virtue of this Agreement, or its compliance with the terms of this Agreement.

D.    The Final Order and Final Judgment will reflect these terms.

E.    Plaintiffs and Settlement Class Members expressly agree that this Release, the Final Order, and the Final Judgment is, will be, and may be raised as a complete defense to, and will preclude any action or proceeding encompassed by, this Release.

F.    Plaintiffs and Settlement Class Members shall not now or hereafter institute, maintain, prosecute, assert, and/or cooperate in the institution, commencement, filing, or prosecution of any suit, action, and/or proceeding, against the Released Parties, either directly or indirectly, on their own behalf, on behalf of a class or on behalf of any other person or entity with respect to the claims, causes of action and/or any other matters released through this Settlement.

G.    In connection with this Agreement, Plaintiffs and Settlement Class Members acknowledge that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true concerning the

subject matter of the Action and/or the Release herein. Nevertheless, it is the intention of Plaintiffs and Settlement Class Members in executing this Agreement fully, finally and forever to settle, release, discharge, and hold harmless all such matters, and all claims relating thereto which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the Action, except as otherwise stated in this Agreement.

H.    Plaintiffs expressly understand and acknowledge, and all Plaintiffs and Settlement Class Members will be deemed by the Final Order and Final Judgment to acknowledge and waive Section 1542 of the Civil Code of the State of California, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs and Settlement Class Members expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights.

I.    Plaintiffs represent and warrant that they are the sole and exclusive owners of all claims that they are releasing under this Agreement. Plaintiffs further acknowledge that they have not assigned, pledged, conveyed, hypothecated or in any manner whatsoever, sold, transferred, assigned, subrogated or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds or value under the Action and that Plaintiffs are not aware of anyone other than themselves claiming any interest, in whole or in part, in the Action or in any benefits, proceeds or values under the Action. Settlement Class Members receiving payments pursuant to this Agreement shall, by

- 25 -

participating in this Settlement, represent and warrant that they are the sole and exclusive owner of all claims that they are releasing under the Settlement and that they have not assigned, pledged, conveyed, hypothecated or in any manner whatsoever, sold, transferred, assigned, subrogated or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds or value under the Action, and that such Settlement Class Member(s) are not aware of anyone other than themselves claiming any interest, in whole or in part, in the Action or in any benefits, proceeds or values under the Action.

J.      Without in any way limiting its scope, and, except to the extent otherwise specified in the Agreement, this Release covers by example and without limitation, any and all claims for attorneys' fees, attorneys' liens, costs, expert fees, or consultant fees, interest, or litigation fees, costs or any other fees, costs, and/or disbursements incurred by, Class Counsel and any other attorneys who receive attorneys' fees and costs allocated by Lead Class Counsel.

K.      In consideration for the Settlement, Beyond Meat and its general or limited partners, attorneys, assigns, principals, officers, directors, members of management or supervisory boards, employees, shareholders, members, agents, representatives, trustees, insurers, reinsurers, heirs, beneficiaries, wards, estates, executors, administrators, receivers, conservators, personal representatives, divisions, dealers, and suppliers; and any other person or entity that is or could be alleged to be responsible or liable in any way whatsoever, whether directly or indirectly, for the Action shall be deemed to have, and by operation of the Final Approval Order shall have, released Class Counsel and each current and former Plaintiff from any and all causes of action that were or could have been asserted pertaining solely to the conduct in filing and prosecuting the litigation or in settling the Action.

- 26 -

L. Plaintiffs and Class Counsel acknowledge that they have conducted sufficient independent investigation and discovery to enter into this Settlement Agreement and, by executing this Settlement Agreement, state that they have not relied upon any statements or representations made by the Released Parties or any person or entity representing the Released Parties, other than as set forth in this Settlement Agreement.

M. Nothing in this Release shall preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed herein.

N. Plaintiffs and Class Counsel hereby agree and acknowledge that the provisions of this Release together constitute an essential and material term of the Agreement and shall be included in any Final Order and Final Judgment entered by the Court.

## X. PRELIMINARY APPROVAL ORDER, FINAL ORDER, FINAL JUDGMENT AND RELATED ORDERS

A. Plaintiffs shall seek from the Court, within a reasonable time after the execution of this Agreement, a Preliminary Approval Order, substantially in the form of Exhibit 4 hereto (subject to Court approval). The Preliminary Approval Order shall, among other things:

1. Preliminarily approve the Settlement;

2. Require the dissemination of the Class Notice and the taking of all necessary and appropriate steps to accomplish this task;

3. Determine that the Class Notice complies with all legal requirements, including, but not limited to, Fed. R. Civ. P. 23 and the Due Process Clause of the United States Constitution;

4. Require Class Counsel to file a motion in support of final approval of the Settlement no later than one hundred thirty (130) days following the entry of the Preliminary Approval Order

5.      Schedule a date and time for a Fairness Hearing to determine whether the Settlement should be finally approved by the Court, to be no earlier than one hundred fifty (150) days after the entry of the Preliminary Approval Order, subject to Court approval;

6.      Require that members of the Settlement Class who wish to exclude themselves to submit an appropriate and timely written request for exclusion as directed in this Agreement and that a failure to do so shall bind those Settlement Class Members who remain in the Settlement Class;

7.      Require Settlement Class Members who wish to appear to object to this Agreement to submit an appropriate and timely written statement as directed in the Agreement;

8.      Require attorneys representing Settlement Class Members, at the Settlement Class Members' expense, to file a notice of appearance as directed in this Agreement;

9.      Issue a preliminary injunction enjoining potential Settlement Class Members, pending the Court's determination of whether the Settlement should be given final approval, from challenging in any action or proceeding any matter covered by this Settlement, except for proceedings in this Court to determine whether the Settlement will be given final approval;

10.     Appoint the Settlement Administrator;

11.     Authorize Beyond Meat to take all necessary and appropriate steps to establish the means necessary to implement the Agreement; and

12.     Issue other related Orders to effectuate the preliminary approval of the Agreement.

B.      After the Fairness Hearing, the Parties shall seek to obtain from the Court a Final Order and Final Judgment. The Final Order and Final Judgment shall, among other things:

1. Find that the Court has personal jurisdiction over all Plaintiffs and Settlement Class Members, that the Court has subject matter jurisdiction over the claims asserted in the Action, and that venue is proper;

2. Finally approve the Agreement and Settlement, pursuant to Fed. R. Civ. P. 23;

3. Finally certify the Settlement Class for settlement purposes only;

4. Find that the Class Notice and the notice dissemination methodology complied with all laws, including, but not limited to, Fed. R. Civ. P. 23 and the Due Process Clause of the United States Constitution;

5. Dismiss the Action with prejudice and without costs (except as provided for in this Agreement as to costs);

6. Incorporate the Release set forth in this Agreement and make the Release effective as of the date of the Final Order and Final Judgment;

7. Issue a permanent injunction enjoining Settlement Class Members from challenging in any action or proceeding any matter covered by the Settlement;

8. Authorize the Parties to implement the terms of this Agreement;

9. Retain jurisdiction relating to the administration, consummation; enforcement, and interpretation of this Agreement, the Final Order and Final Judgment, and for any other necessary purpose; and

10. Issue related Orders to effectuate the final approval of this Agreement and its implementation.

## XI.    MODIFICATION OR TERMINATION OF THIS AGREEMENT

A.    Within fifteen (15) days after the occurrence of any of the following events and upon written notice to counsel for all Parties, the Parties shall have the right to withdraw from the Settlement and terminate this Agreement:

1.    If the Court fails to approve the Agreement as written or if on appeal the Court's approval is reversed or modified;

2.    If the Court materially alters any of the terms of this Agreement, except that a reduction in an award of Attorneys' Fees and Expenses or Plaintiffs' Service Awards shall not be deemed to be a material alteration; or

3.    If the Preliminary Approval Order or the Final Order and Judgment is not entered by the Court or is reversed or modified on appeal, or otherwise fails for any reason.  In the event of a withdrawal pursuant to this Section XI(A), any certification of a Settlement Class for purposes of settlement will be vacated, without prejudice to the position of any Party on the issue of class certification and the amenability of the claims asserted in the Action to class treatment, and the Parties shall be restored to their litigation position existing immediately before the mediation that lead to the execution of the binding term sheet and ultimate execution of this Agreement.

B.    If members of the Settlement Class properly and timely submit requests for exclusion from the Settlement Class as set forth in Section VII, thereby becoming Opt-Outs, and are in a number more than the confidential number submitted to the Court by the Parties under seal, then at its sole election, Beyond Meat may withdraw from the Settlement and terminate this Agreement.  In that event, all of Beyond Meat's obligations under this Agreement shall cease to be of any force and effect, and the Parties shall be restored to their litigation position existing immediately before the mediation that lead to the execution of the binding term sheet and ultimate

execution of this Agreement. In order to elect to withdraw from the Settlement and terminate this Agreement on the basis set forth in this Section XI(A), Beyond Meat must notify Class Counsel in writing of its election to do so within fourteen (14) business days after the Opt-Out List has been served on the Parties. In the event that Beyond Meat exercises such right, Class Counsel shall have fourteen (14) business days or such longer period as agreed to by the Parties to address the concerns of the Opt-Outs. If through such efforts the total number of members of the Opt-Out List subsequently becomes and remains fewer than the number of Settlement Class Members submitted to the Court under seal at the time of filing the Motion For Preliminary Approval, Beyond Meat shall withdraw its election to withdraw from the Settlement and terminate this Agreement. In no event, however, shall Beyond Meat have any further obligation under this Agreement to any Opt-Out unless such Settlement Class Member withdraws his/her request for exclusion. For purposes of this Section XI, Opt-Outs shall not include (i) persons who are specifically excluded from the Settlement Class; (ii) Settlement Class Members who elect to withdraw their request for exclusion and (iii) Opt-Outs who agree to sign an undertaking that they will not pursue an individual claim, class claim or any other claim that would otherwise be a Released Claim as defined in this Agreement.

      C.      In the event of withdrawal by Beyond Meat in accordance with the terms set forth in Paragraphs A and B above, this Agreement shall be null and void, shall have no further force and effect with respect to any party in any action listed in Exhibit 5, and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment. In the event of such withdrawal, this Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to

- 31 -

Beyond Meat, Plaintiffs, Settlement Class Members and all Parties, and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Action shall stand in the same position as if the mediation that lead to the execution of the binding term sheet and ultimate execution this Agreement had not been negotiated, made or filed with the Court. In the event of such withdrawal, Beyond Meat expressly reserves the right to challenge and object to the factual allegations and legal claims of Plaintiffs, including without limitation that the requirements of Fed. R. Civ. P. 23 have been satisfied.

      D.      Apart from the opt-out threshold, no Party may terminate the Settlement based on changes in law in the Seventh Circuit or elsewhere, or findings of fact or law reached in separate actions or proceedings, including but not limited to any litigation or regulatory action or proceeding concerning or relating in any way to labeling regulations, compliance, or preemption, or any claim of any kind arising from, related to, connected with, and/or were, or could have been, asserted in the Action or any amendments of the Action.

## XII. GENERAL MATTERS AND RESERVATIONS

      A.      Beyond Meat has denied and continues to deny each and all of the claims and contentions alleged in the Action and has denied and continues to deny that they have committed any violation of law or engaged in any wrongful act that was alleged or that could have been alleged in the Action. Beyond Meat believes that it has valid and complete defenses to the claims asserted against it in the Action and deny that it committed any violations of law, engaged in any unlawful act or conduct or that there is any basis for liability for any of the claims that have been, are or might have been alleged in the Action. Nevertheless, Beyond Meat has concluded that it is desirable that the Action be fully and finally settled in the matter and upon the terms and conditions set forth in this Agreement.

B.      The obligation of the Parties to conclude the Settlement is and shall be contingent upon each of the following:

1.      Entry by the Court of the Final Order and Final Judgment approving the Settlement, from which the time to appeal has expired or which has remained unmodified after any appeal(s); and

2.      Any other conditions stated in this Agreement.

C.      Plaintiffs, Beyond Meat, Class Counsel, and Beyond Meat's Counsel agree to keep the existence and contents of this Agreement confidential until the date on which the Motion for Preliminary Approval is filed; provided, however, that this Section shall not prevent (i) Beyond Meat from disclosing such information, prior to the date on which the Motion for Preliminary Approval is filed, to state and federal agencies, independent accountants, actuaries, advisors, financial analysts, insurers or in house attorneys; (ii) the Parties and their counsel from disclosing such information to persons or entities (such as insurers, experts, courts, co-counsel, and/or administrators) to whom the Parties agree disclosure must be made in order to effectuate the terms and conditions of this Agreement; and (iii) Beyond Meat and/or Plaintiffs disclosing this Agreement and the contents of this Agreement to any Party or Released Party.

D.      Plaintiffs and Class Counsel agree that any and all confidential information made available to them solely through the settlement process was made available on the condition that neither Plaintiffs nor Class Counsel may disclose it to third parties (other than experts or consultants retained by Plaintiffs in connection with the Action); that it not be the subject of public comment; that it not be used by Plaintiffs or Class Counsel in any way in this Action or otherwise should the Settlement not be achieved, and that it is to be returned if a Settlement is not concluded; provided, however, that nothing contained herein shall prohibit Plaintiffs from seeking such

information through formal discovery if not previously requested through formal discovery or from referring to the existence of such information in connection with the Settlement of the Action.

E.      Information provided by Beyond Meat or Beyond Meat's Counsel to Plaintiffs, Class Counsel, individual Settlement Class Member, counsel for any individual Settlement Class Member and/or administrators, pursuant to the negotiation and implementation of this Agreement, includes trade secrets and highly confidential and proprietary business information and shall be deemed "Confidential" pursuant to the agreement of the Parties and the protective orders that have been or will be entered in the Action, and shall be subject to all of the provisions thereof. Any materials inadvertently produced shall, upon Beyond Meat's request, be promptly returned to Beyond Meat's Counsel, and there shall be no implied or express waiver of any privileges, rights and defenses.

F.      Within ninety (90) days after the Final Effective Date (unless the time is extended by agreement of the Parties), Class Counsel and any expert or other consultant employed by them in such capacity or any other individual with access to documents provided by Beyond Meat and/or Beyond Meat's Counsel, to Class Counsel shall either: (1) return to Beyond Meat's Counsel all such documents and materials (and all copies of such documents in whatever form made or maintained) produced during the settlement process by Beyond Meat and/or Beyond Meat's Counsel, and any and all handwritten notes summarizing, describing or referring to such documents; or (2) certify to Beyond Meat's Counsel that all such documents and materials (and all copies of such documents in whatever form made or maintained) and any and all handwritten notes summarizing, describing or referring to such documents have been destroyed, provided, however, that this Section shall not apply to any documents made part of the record in connection

with a Claim, nor to any documents made part of a Court filing, nor to Class Counsel's work product.

G.      Six (6) months after the completion of the Claims Process, the Settlement Administrator shall destroy or return all documents and materials to Beyond Meat and/or Beyond Meat's Counsel and/or Class Counsel that produced the documents and materials, except that it shall not destroy any and all information and/or documentation submitted by Settlement Class Members. Nothing in this Agreement shall affect any confidentiality order or protective order in the Action.

H.      Beyond Meat's execution of this Agreement shall not be construed to release – and Beyond Meat expressly does not intend to release – any claim Beyond Meat may have or make against any insurer for any cost or expense incurred in connection with this Settlement, including, without limitation, for attorneys' fees and costs.

I.      Class Counsel represent that: (1) they are authorized by the Plaintiffs to enter into this Agreement with respect to the claims in the Action; and (2) they are seeking to protect the interests of the Settlement Class.

J.      Class Counsel further represent that the Plaintiffs: (1) have agreed to serve as representatives of the Settlement Class proposed to be certified herein; (2) are willing, able and ready to perform all of the duties and obligations of representatives of the Settlement Class, including, but not limited to, being involved in discovery and fact finding; (3) have read the pleadings in the Action, or have had the contents of such pleadings described to them; (4) are familiar with the results of the fact-finding undertaken by Class Counsel; (5) have been kept apprised of settlement negotiations among the Parties, and have either read this Agreement, including the exhibits annexed hereto, or have received a detailed description of it from Class

Counsel and they have agreed to its terms; (6) have consulted with Class Counsel about the Action and this Agreement and the obligations imposed on representatives of the Settlement Class; (7) have authorized Class Counsel to execute this Agreement on their behalf; and (8) shall remain and serve as representatives of the Settlement Class until the terms of this Agreement are effectuated, this Agreement is terminated in accordance with its terms, or the Court at any time determines that said Plaintiffs cannot represent the Settlement Class.

K.      The Parties acknowledge and agree that no opinion concerning the tax consequences of the Settlement to Settlement Class Members is given or will be given by the Parties nor are any representations or warranties in this regard made by virtue of this Agreement. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

L.      Beyond Meat represents and warrants that each individual executing this Agreement on behalf of Beyond Meat is authorized to enter into this Agreement on behalf of Beyond Meat, as applicable.

M.      This Agreement, complete with its exhibits, sets forth the sole and entire agreement between and among the Parties with respect to its subject matter, and it may not be altered, amended or modified except by written instrument executed by Class Counsel and Beyond Meat's Counsel. The Parties expressly acknowledge that no agreements, arrangements or understandings not expressed in this Agreement exist among or between them and that in deciding to enter into this Agreement, they rely solely upon their judgment and knowledge. This Agreement supersedes any prior agreements, understandings, or undertakings (written or oral) by and between the Parties regarding the subject matter of this Agreement.

N.       This Agreement and any amendments thereto shall be governed by and interpreted according to the substantive law of the State of Illinois notwithstanding its conflict of law provisions.

O.       Any disagreement regarding and/or action to enforce this Agreement shall be commenced and maintained only in the United States District Court for the Northern District of Illinois.

P.       Plaintiffs, Class Counsel, and Beyond Meat's Counsel hereby agree not to issue any press releases regarding this Settlement or publicize it in any way and further agree not to engage in any communications with the media or the press, on the internet, or in any public forum, orally or in writing, that relate to this Settlement or the Action other than statements that are fully consistent with the Class Notice, provided, however, that this Section shall not prevent Beyond Meat from disclosing such information to state and federal agencies.

Q.       Whenever this Agreement requires or contemplates that one of the Parties shall or may give notice to the other, notice shall be provided by e-mail and/or next-day (excluding Saturdays, Sundays and Federal Holidays) express delivery service as follows:

        If to Beyond Meat, then to:

                Mark S. Mester, Esq.
                Robin M. Hulshizer, Esq.
                Renatta A. Gorski

                Daniel D. Dvorak
                LATHAM & WATKINS LLP
                330 North Wabash Avenue, Suite 2800
                Chicago, Illinois 60611
                Telephone: 312-876-7700
                Facsimile: 312-993-9767

If to Plaintiffs, then to:

> Nick Suciu III
> MILBERG COLEMAN BRYSON
>   PHILLIPS GROSSMAN PLLC
> 6905 Telegraph Road, Suite 115
> Bloomfield Hills, Michigan 48301
> Telephone: (313) 303-3472
> Facsimile: (865) 522-0049

R.     The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

S.     The Settlement Class, Plaintiffs, Class Counsel, Beyond Meat and/or Beyond Meat's Counsel shall not be deemed to be the drafter of this Agreement or of any particular provision, nor shall they argue that any particular provision should be construed against its drafter. The Parties agree that this Agreement was drafted by counsel for the Parties during extensive arm's length negotiations. No parol or other evidence may be offered to explain, construe, contradict or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which this Agreement was made or executed.

T.     The Parties expressly acknowledge and agree that this Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations and correspondence, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent rule of evidence in any state. In no event shall this Agreement, any of its provisions or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory or other proceeding,

except in a proceeding to enforce this Agreement or the rights of the Parties or their counsel. Without limiting the foregoing, neither this Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, the Released Parties, Plaintiffs, or the Settlement Class or as a waiver by the Released Parties, Plaintiffs or the Settlement Class of any applicable privileges, claims or defenses.

U.     The Parties, their successors and assigns, and their counsel undertake to implement the terms of this Agreement in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Agreement.

V.     The waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any prior or subsequent breach of this Agreement.

W.     If one Party to this Agreement considers another Party to be in breach of its obligations under this Agreement, that Party must provide the breaching Party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking any action to enforce any rights under this Agreement.

X.     The Parties, their successors and assigns, and their counsel agree to cooperate fully with one another in seeking Court approval of this Agreement and to use their best efforts to effect the prompt consummation of this Agreement and the Settlement.

Y.     This Agreement may be signed with a facsimile signature and in counterparts, each of which shall constitute a duplicate original.

Z.     In the event any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity,

illegality, or unenforceability shall not affect any other provision if Beyond Meat's Counsel, on behalf of Beyond Meat, and Class Counsel, on behalf of Plaintiffs and Settlement Class Members, mutually agree in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Agreement. Any such agreement shall be reviewed and approved by the Court before it becomes effective.

*Agreed to on the date indicated below.*

APPROVED AND AGREED TO BY:

## **LEAD CLASS COUNSEL**

DATED:   June 28, 2024

Nick Suciu III
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48302
Telephone: 313-303-3472
nsuciu@milberg.com

## **OTHER CLASS COUNSEL**

DATED:   June 28, 2024

Joel D. Smith
SMITH KRIVOSHEY, P.C.
867 Boylston Street, Fifth Floor
Boston, MA 02116
Telephone: 617-377-7404
joel@skclassactions.com

DATED:

Jason Sultzer
THE SULTZER LAW GROUP, P.C.85 Civic
Center Plaza, Suite 200
Poughkeepsie, NY 12601
Telephone: **845-244-55953**
sultzerj@thesultzerlawgroup.com

illegality, or unenforceability shall not affect any other provision if Beyond Meat's Counsel, on behalf of Beyond Meat, and Class Counsel, on behalf of Plaintiffs and Settlement Class Members, mutually agree in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Agreement. Any such agreement shall be reviewed and approved by the Court before it becomes effective.

*Agreed to on the date indicated below.*

APPROVED AND AGREED TO BY:

<u>**LEAD CLASS COUNSEL**</u>

DATED: _____

                    _____
                    Nick Suciu III
                    6905 Telegraph Rd., Suite 115
                    Bloomfield Hills, MI 48302
                    Telephone: 313-303-3472
                    nsuciu@milberg.com

<u>**OTHER CLASS COUNSEL**</u>

DATED: _____

                    _____
                    Joel D. Smith
                    SMITH KRIVOSHEY, P.C.
                    867 Boylston Street, Fifth Floor
                    Boston, MA 02116
                    Telephone: 617-377-7404
                    joel@skclassactions.com

DATED: 7/1/2024

                    _____
                    Jason Sultzer
                    THE SULTZER LAW GROUP, P.C.85 Civic
                    Center Plaza, Suite 200
                    Poughkeepsie, NY 12601
                    Telephone: 845-244-55953
                    sultzerj@thesultzerlawgroup.com

DATED: July 8, 2024

_____
Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: 312-741-1019
beth@feganscott.com

DATED:

_____
Jonathan Shub
SHUB & JOHNS LLC
134 Kings Highway E, 2nd Floor
Haddonfield, NJ 08033
Telephone: 856-772-7200
jshub@shublawyers.com

DATED:

_____
Robert K. Shelquist
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612-339-6900
rkshelquist@locklaw.com

## COUNSEL FOR DEFENDANT BEYOND MEAT, INC.

DATED:

_____
Mark S. Mester
mark.mester@lw.com
Robin M. Hulshizer
robin.hulshizer@lw.com
Renatta A. Gorski
renatta.gorski@lw.com
Daniel D. Dvorak
danny.dvorak@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

*Counsel for Defendant Beyond Meat, Inc.*

DATED:

           Elizabeth A. Fegan
           FEGAN SCOTT LLC
           150 S. Wacker Dr., 24th Floor
           Chicago, IL 60606
           Telephone: 312-741-1019
           beth@feganscott.com

DATED: 07/08/2024

           Jonathan Shub
           SHUB & JOHNS LLC
           134 Kings Highway E, 2nd Floor
           Haddonfield, NJ 08033
           Telephone: 856-772-7200
           jshub@shublawyers.com

DATED:

           Robert K. Shelquist
           LOCKRIDGE GRINDAL NAUEN P.L.L.P.
           100 Washington Avenue South, Suite 2200
           Minneapolis, MN 55401
           Telephone: 612-339-6900
           rkshelquist@locklaw.com

## COUNSEL FOR DEFENDANT BEYOND MEAT, INC.

DATED:

           Mark S. Mester
           mark.mester@lw.com
           Robin M. Hulshizer
           robin.hulshizer@lw.com
           Renatta A. Gorski
           renatta.gorski@lw.com
           Daniel D. Dvorak
           danny.dvorak@lw.com
           LATHAM & WATKINS LLP
           330 North Wabash Avenue, Suite 2800
           Chicago, Illinois 60611
           Telephone: (312) 876-7700
           Facsimile: (312) 993-9767

           *Counsel for Defendant Beyond Meat, Inc.*

DATED:

                _____
Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: 312-741-1019
beth@feganscott.com

DATED:

                _____
Jonathan Shub
SHUB & JOHNS LLC
134 Kings Highway E, 2nd Floor
Haddonfield, NJ 08033
Telephone: 856-772-7200
jshub@shublawyers.com

DATED:

                _____
Robert K. Shelquist
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612-339-6900
rkshelquist@locklaw.com

## COUNSEL FOR DEFENDANT BEYOND MEAT, INC.

DATED:

                _____
Mark S. Mester
mark.mester@lw.com
Robin M. Hulshizer
robin.hulshizer@lw.com
Renatta A. Gorski
renatta.gorski@lw.com
Daniel D. Dvorak
danny.dvorak@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

*Counsel for Defendant Beyond Meat, Inc.*

- 41 -

## Index of Exhibits

| # | Description |
|---|---|
| 1 | Claim Form |
| 2 | Long Form Notice |
| 3 | Publication Notice |
| 4 | Proposed Preliminary Approval Order |
| 5 | List of Actions |

# Exhibit 1

**\*0000000000000\***

0 0 0 0 0 0 0 0 0 0 0 0 0

## In Re: Beyond Meat, Inc., Protein Content Marketing and Sales Practices Litigation
## CLAIM FORM

### YOU MUST SUBMIT YOUR CLAIM FORM NO LATER THAN <<CLAIMS DEADLINE>>.

PERSONAL INFORMATION. Please legibly print or type the following information requested below. *This information will be used to communicate with you if any problems arise with your Claim.*

First Name: _____ Middle: \_\_\_

Last Name: _____

Residential Street Address: _____

City: _____ State: \_\_ \_\_

ZIP code: \_\_\_ \_\_\_ \_\_\_ \_\_\_ \_\_\_

Email Address: _____ @ _____

Telephone Number: ( \_\_\_ \_\_\_ \_\_\_ ) - \_\_\_ \_\_\_ \_\_\_ - \_\_\_ \_\_\_ \_\_\_ \_\_\_

### PAYMENT SELECTION

Each Settlement Class Member may choose to receive his or her payment via check, Venmo, PayPal, or other electronic payment methods. Payment by check will be the default payment method if a Settlement Class Member does not state a preferred method of payment. If you would like to elect to receive your Cash Payment through electronic transfer, please visit the website (www._____.com) and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

### CONFIRMATION OF SETTLEMENT CLASS MEMBERSHIP

_____ *(mark X if applicable)* Between May 31, 2018 to and including <<date of Preliminary Approval Order>>, I purchased Beyond Meat Product(s) for household use and not for resale or distribution.

For a Claim to be considered and Valid, you must complete the Claim Form in its entirety and provide proof of purchase if applicable.

Select one of the following benefit options:

☐ ***Option 1 Partial Refund - With Proof of Purchase***
Claimants with proof of purchase shall be entitled to receive a partial refund of $2 (two dollars) per Beyond Meat Product, with no cap on the number of Beyond Meat Products submitted.

Number of Products purchased with supporting proof of purchase: \_\_\_

You **must** provide proof of purchase for the above items being claimed. Proof of purchase of Beyond Meat Products consisting of either of the following: *(i) receipts showing* Beyond Meat Product(s) and a purchase date on or between May 31, 2018 and [Preliminary Approval Date]; or (ii) UPC label taken from a Beyond Meat Product package that the Settlement Class Member affirms having purchased during the Class Period.

Questions? Visit www.xxxxxxxxxxxxxxxxx.com or call (XXX) XXX-XXXX.

\*0000000000000\*

0 0 0 00 0 0 0 0 0 0 0 0

**OR**

☐ ***Option 2 Partial Refund - Without Proof of Purchase***
Claimants without proof of purchase shall be entitled to receive a partial refund of $2 (two dollars) per Beyond Meat Product, up to five (5) Beyond Meat Products per household, for a total Cash Payment of $10.

Number of products purchased without proof purchase: ____

*The Settlement Administrator may verify your Claim.* **A maximum of one Claim, submitted on a single Claim Form, may be submitted by each Settlement Class Member.** Your failure to complete and submit the Claim Form filed online or postmarked by no later than <<Claims Deadline>> may prevent you from receiving any Cash Payment. Claim Forms must be substantially complete at the time of submission to be considered an Valid Claim. Submission of this Claim Form does not ensure that you will share in the Cash Payment. The Settlement Administrator reserves the right to dispute the material facts concerning your Claim and may require additional information and/or documentation to validate your Claim.

**ATTESTATION.** By signing this Claim submission, I certify, under penalty of perjury, that the information included with this Claim submission is accurate and complete to the best of my knowledge, information, and belief. I agree and consent to be communicated with electronically via email and/or physical mail. I agree to furnish additional information regarding this Claim submission if so requested to do so by the Settlement Administrator. I am aware that I can obtain a copy of the Notice and Settlement Agreement at (www._____.com) or by writing the Settlement Administrator at the email address: <<email address>> or the postal address: *In Re: Beyond Meat, Inc.,* c/o Kroll Settlement Administration LLC, PO Box XXXXX, New York, NY XXXXX-XXXX. I agree to furnish additional information to support this claim if required to do so.

IF SUBMITTING A UPC LABEL OR UPC LABELS TAKEN FROM A BEYOND MEAT PRODUCT PACKAGE AS PROOF OF PURCHASE:
☐ **I affirm that I purchased the Beyond Meat Product(s) associated with the UPC label(s) that I am submitting as proof of purchase between May 31, 2018 and <<date of Preliminary Approval Order>>.**

IF SUBMITTED ELECTRONICALLY:
☐ **I agree that by submitting this Claim Form I certify under the penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge and that checking this box constitutes my electronic signature on the date of its submission.**

IF SUBMITTED BY U.S. MAIL:
**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.**

Signature: _____ Dated: ____ ____ / ____ ____ / ____ ____ __

Questions? Visit www.xxxxxxxxxxxxxxxxxx.com or call (XXX) XXX-XXXX.

\*00000\*      \*CF\*      \*Page 2of 1\*

00000      CF      Page 2 of 2

# Exhibit 2



United States District Court for the Northern District of Illinois
*In Re: Beyond Meat, Inc., Protein Content Marketing and Sales Practices Litigation*
Case No. 1:23-cv-00669

# Class Action Notice

---

*A federal court authorized this notice. This is not a solicitation from a lawyer. Your legal rights are affected whether you act or do not act. Please read this Notice carefully.*

## If you purchased Beyond Meat Products, you may be entitled to money as part of the Settlement.

---

This Notice is to tell you about the settlement of a class action lawsuit, *In Re: Beyond Meat, Inc., Protein Content Marketing and Sales Practices Litigation*, (the "Action") brought on behalf of people who purchased Beyond Meat Products. If you purchased Beyond Meat products for household use and not for resale or distribution, from May 31, 2018 to and including [Preliminary Approval Date], **you may be a member of the group of people affected**, called the "Settlement Class," and **you may be entitled to money as part of the Settlement**. This Notice tells you how to get more information about the Settlement.

The Action claims that the labels and related marketing of Beyond Meat Products overstate the protein content and quality. Beyond Meat denies all allegations and settled the Action to avoid further litigation. The Court has not decided who is right.

The Settlement makes available to Settlement Class Members $7,500,000, which is structured to cover and include Cash Payments to eligible claimants, Notice and Administrative Costs, Attorneys' Fees and Expenses, and Service Awards to named Plaintiffs.

| Your options: | More about each option: |
|---|---|
| **Submit a Claim Form** | File a Claim to be eligible to get a Cash Payment from the Settlement. The Claim Form must be submitted by [Claim Deadline]. |
| **Opt Out** | Submit a request to exclude yourself from the Settlement Class. Get no Cash Payment, keep the right to sue Beyond Meat about the legal claims in this case. The deadline to request to opt out from the Settlement Class is [Opt-Out and Objection Date]. |
| **Do Nothing** | Get no Cash Payment. Give up the right to sue Beyond Meat about the legal claims in this case. |
| **Object** | Write to the Court about why you object to the terms of the Settlement. The deadline to object is [Opt-Out and Objection Date]. |
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement. |

QUESTIONS? CALL (800) [INSERT] TOLL FREE, OR VISIT [INSERT]

**FOR INSTRUCTIONS ON SUBMITTING A CLAIM, OBJECTING, OR OPTING OUT, PLEASE VISIT [Website]**

If you have questions or need assistance, please visit [Website], email [Email], or call [Phone Number].

## WHAT THIS NOTICE CONTAINS

### CONTENTS

Page

BASIC INFORMATION ................................................................................................ 4

    1.    Why I am I seeing this Notice? ............................................. 4
    2.    What is this Action about? .................................................... 4
    3.    Why is this a class action? .................................................... 4
    4.    Why is there a Settlement? ................................................... 5

WHO IS IN THE SETTLEMENT ............................................................................... 5

    5.    How do I know if I am part of the Settlement? ................................. 5
    6.    Which Beyond Meat Products are included? .................................. 5
    7.    I'm still not sure if I am included. ............................................. 5

THE SETTLEMENT BENEFITS—WHAT YOU GET ............................................... 6

    8.    What does the Settlement provide? .......................................... 6
    9.    What can I get from the Settlement? ......................................... 6
    10.   When would I get my payment? ............................................. 6

EXCLUDING YOURSELF FROM THE SETTLEMENT ........................................... 7

    11.   How do I get out of the Settlement? ......................................... 7
    12.   If I don't exclude myself, can I sue Beyond Meat for the same thing later? ............ 7
    13.   If I exclude myself, can I get money from this Settlement? ...................... 7

THE LAWYERS REPRESENTING YOU ................................................................... 7

    14.   Do I have a lawyer in this case? ............................................. 7
    15.   How will the lawyers be paid? .............................................. 8

OBJECTING TO THE SETTLEMENT ....................................................................... 8

    16.   How do I tell the Court that I don't like the Settlement? ......................... 8
    17.   What's the difference between objecting and excluding? ........................ 9

THE COURT'S FAIRNESS HEARING ....................................................................... 9

    18.   When and where will the Court decide whether to approve the settlement? ......... 9
    19.   Do I have to come to the hearing? ........................................... 9
    20.   May I speak at the hearing? ................................................. 9

IF YOU DO NOTHING ..................................................................................................... 10

    21.    What happens if I do nothing at all? ........................................................... 10

GETTING MORE INFORMATION ................................................................................... 10

    22.    Are there more details about the Settlement? .............................................. 10

    23.    How do I get more information? .................................................................. 10

# BASIC INFORMATION

**1. Why I am I seeing this Notice?**

This Notice is to tell you about the Settlement of a class action lawsuit, *In Re: Beyond Meat, Inc., Protein Content Marketing and Sales Practices Litigation*, brought on behalf of people who purchased Beyond Meat Products. If you purchased Beyond Meat Products for household use and not for resale or distribution, from May 31, 2018 to [Preliminary Approval Date], you may be a member of the group of people affected, called the "Settlement Class," and you may be entitled to a Cash Payment as part of the Settlement. This Notice tells you how to get more information about the Settlement.

The Court ordered that the Parties provide this Notice because you have a right to know about a proposed Settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the Settlement. If the Court approves it and after objections and appeals are resolved, a Settlement Administrator appointed by the Court will make the Cash Payments that the Settlement allows. Updates about the Settlement will be posted on the Settlement Website.

This website explains the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Northern District of Illinois, and the case is known as *In Re: Beyond Meat, Inc., Protein Content Marketing and Sales Practices Litigation*, Case No. 1:23-cv-00669. The people who sued are called "Plaintiffs," and the company they sued, Beyond Meat, Inc., is called the "Defendant."

**2. What is this Action about?**

Beginning in 2022, a series of class action lawsuits were filed against Defendant. These cases include: *Roberts, et al. v. Beyond Meat, Inc.*, No. 1:22-cv-02861 (N.D. Ill.); *Borovoy v. Beyond Meat, Inc.*, No. 1:22-cv-06302 (N.D. Ill.); *Garcia, et al. v. Beyond Meat, Inc.*, No. 4:22-cv-00297 (S.D. Iowa); *Cascio v. Beyond Meat, Inc.*, No. 2:22-cv-04018 (E.D.N.Y.); *Miller v. Beyond Meat, Inc.*, No. 1:22-cv-06336 (S.D.N.Y); *Zakinov v. Beyond Meat, Inc.*, No. 4:23-cv-00144 (S.D. Tex.).

The lawsuits were brought on behalf of consumers who bought Beyond Meat Products for their personal use. The lawsuits claim that the labels and related marketing of Beyond Meat Products overstate the protein content and quality.

On February 1, 2023, the United States Judicial Panel on Multidistrict Litigation transferred the cases to the Northern District of Illinois and assigned them to the Honorable Sara L. Ellis for coordinated or consolidated pretrial proceedings. Plaintiffs filed a Consolidated Class Action Complaint in this case on May 3, 2023.

Beyond Meat denies all allegations and settled the Action to avoid further litigation.

**3. Why is this a class action?**

In a class action, one or more people, called Plaintiffs (in this case, Angelique Roberts, Hannah Offutt, Dylan Rushing, Orlandra Hawthorne, Nisha Albert, Adam Sorkin, Dartisha Anderson, Christine Borovoy, Todd Miller, Richard D. Garcia, Erica Nichols Cook, Jennifer Speer, Rosemarie Ramirez, Mary Yoon, Christopher Bates, and Stan Zakinov), sue on behalf of people who have similar claims. All these people are Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class. U.S. District Judge Sara L. Ellis is in charge of this class action.

### 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a Settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Plaintiffs and Class Counsel think the Settlement is best for the Settlement Class and represents a fair, reasonable and adequate resolution of the Action.

# WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Settlement Class Member.

### 5. How do I know if I am part of the Settlement?

The Court decided that everyone who fits this description is a Settlement Class Member: All persons (individuals and/or entities) who purchased any Beyond Meat Product for household use and not for resale or distribution, from May 31, 2018 to the date of the Preliminary Approval Order.

Excluded from the Settlement Class are: (i) Beyond Meat, Inc. and its officers, directors, and employees; and Beyond Meat's corporate affiliates and corporate affiliates' officers, directors, counsel, and employees; (ii) Class Counsel; (iii) the judges who have presided over the Action; and (iv) all other persons who timely elect to become Opt-Outs from the Settlement Class in accordance with the Court's Orders.

### 6. Which Beyond Meat Products are included?

The Settlement covers any product developed and/or marketed by Beyond Meat, Inc. during the Class Period and include, but is not limited, to the Beyond Meat Sausage Plant-Based Dinner Links, Beyond Meat Beef Plant-Based Patties, Beyond Meat Beef Plant-Based Ground Beef, Beyond Meat Breakfast Sausage Links, Beyond Meat Breakfast Sausage Patties, Beyond Meat Chicken Plant-Based Breaded Tenders, and Beyond Meat Meatballs Italian Style Plant-Based Meatballs.

### 7. I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help from the Settlement Administrator. You can call (800)[INSERT] or email [INSERT]. For more information, you can

also visit the website, [INSERT]. Or you can fill out and return the Claim Form described herein, to see if you qualify.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

### 8. What does the Settlement provide?

Beyond Meat has agreed to pay $7.5 million into a Settlement Fund. This money will be divided among the Settlement Class Members and will also be used to pay for costs and fees approved by the Court, including Notice and Administrative Costs, Attorneys' Fees and Expenses, and Service Awards.

### 9. What can I get from the Settlement?

Your Cash Payment depends on whether you have proofs of purchase and how many qualifying Beyond Meat Products you purchased.

Each Settlement Class Member who submits a proper Claim Form on time and is deemed to have a Valid Claim will get a one-time cash award of $2 for each Beyond Meat Product purchased on or after May 31, 2018. If you do not provide proof of purchase, you will be subject to a cap of five (5) Beyond Meat Products per Household, for a total of $10.

Each Settlement Class Member who provides a valid proof of purchase and submits a Claim Form on time and is deemed to have a Valid Claim will be able to recover a cash award of $2 for each Beyond Meat Product purchased on or after May 31, 2018, with no limitation.

If all Claims exceed the total amount of funds available in the Net Settlement Fund, Cash Payments will be reduced on a *pro rata* basis so that all Claims equal the total funds available. If the Net Settlement Fund is not fully exhausted by the Claims, each Settlement Class Member that submitted a Valid Claim may receive an additional payment.

You can elect to receive your payment through check, Venmo, PayPal, ACH, or Zelle on your Claim Form.

### 10. When would I get my payment?

The Court will hold a hearing on [date], to decide whether to approve the Settlement. If the Court approves the Settlement after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than two years. Please be patient.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, but you want keep the right to sue or continue to sue Beyond Meat, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the Settlement Class.

### 11. How do I get out of the Settlement?

To opt out of the Settlement, you must submit a request for exclusion utilizing the template exclusion form included on the Settlement Website and mail it by [date] to the Settlement Administrator at:

> [Settlement Administrator]
> [Street address]
> [City, State, Zip Code]
> [email]

You can also submit the request for exclusion utilizing the template exclusion form on the Settlement Website. Be sure to include all information requested on the template exclusion form.

### 12. If I don't exclude myself, can I sue Beyond Meat for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Beyond Meat for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the Opt-Out Deadline is [date].

### 13. If I exclude myself, can I get money from this Settlement?

No. If you exclude yourself, do not send in a Claim Form to ask for any money. But, you may sue, continue to sue, or be part of a different lawsuit against Beyond Meat.

# THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

The Court has appointed Nick Suciu III of Milberg Coleman Bryson Phillips Grossman, PLLC, to represent you and other Settlement Class Members as Class Counsel, and Joel D. Smith of Smith Krivoshey, P.C., Jonathan Shub of Shub Law Firm LLC, Elizabeth A. Fegan of Fegan Scott LLC, Jason P. Sultzer of The Sultzer Law Group P.C., and Robert K. Shelquist of Lockridge Grindal Nauen PLLP to represent you and other Settlement Class Members as Class Counsel.

You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 15. How will the lawyers be paid?

Class Counsel will ask the Court for Attorneys' Fees and Expenses up to $2,500,000, and a payment of $2,500 to each of the Plaintiffs. The Court may also order that the Settlement Administrator recovers their Notice and Administrative Costs. The Court may award less than these amounts. These amounts will be deducted from the Settlement Fund.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

## 16. How do I tell the Court that I don't like the Settlement?

If you disagree with any part of the Settlement (including the lawyers' fees) but don't want to opt out, you may object. You must give reasons why you think the Court should not approve it and say whether your objection applies to just you, a part of the Settlement Class, or the entire Settlement Class. The Court will consider your views. The Court can only approve or deny the Settlement — it cannot change the terms of the Settlement. You may, but don't need to, hire your own lawyer to help you.

To object, you must send a letter to Class Counsel, Counsel for Beyond Meat and directly to the Court that includes the case name and number (*In Re: Beyond Meat, Inc., Protein Content Marketing and Sales Practices Litigation*, Case No. 1:23-cv-00669) includes your full name, address and telephone number; provides proof that you purchased Beyond Meat Product(s) during the Class Period; states the amount of Beyond Meat Products purchased (in units or dollars); states the reasons for your objection (and attaches supporting papers, if any); says whether either you or your lawyer intend to appear at the Fairness Hearing and your lawyer's name; contains your signature, and includes a detailed list of any other objections submitted by you, or the your counsel, to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years.

To be timely, the objection must be postmarked by [date].

Mail the signed letter to Class Counsel, Counsel for Beyond Meat and directly to the Court:

| Class Counsel c/o Nick Suciu III 6905 Telegraph Road, Suite 115 Bloomfield Hills, MI 48301 | Counsel for Beyond Meat c/o Robin Hulshizer 330 North Wabash Avenue, Suite 2800 Chicago, IL 60611 | U.S. District Court for the Northern District of Illinois Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street Chicago, IL 60604 |
| --- | --- | --- |
| Re: *In Re: Beyond Meat, Inc., Protein Content Marketing and Sales* | Re: *In Re: Beyond Meat, Inc., Protein Content Marketing and Sales* | Re: *In Re: Beyond Meat, Inc., Protein Content* |

QUESTIONS? CALL (800) [INSERT] TOLL FREE, OR VISIT [INSERT]

-8-

| *Practices Litigation*, Case No. 1:23-cv-00669 | *Practices Litigation*, Case No. 1:23-cv-00669 | *Marketing and Sales Practices Litigation*, Case No. 1:23-cv-00669 |
|---|---|---|

### 17. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

### 18. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at [time] on [date], at the United States District Court for the Northern District of Illinois - Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, Courtroom 1403.

At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Ellis will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

### 19. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Ellis may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you submitted your written objection on time and to the proper parties, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 20. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In Re: Beyond Meat, Inc., Protein Content Marketing and Sales Practices Litigation*, Case No. 1:23-cv-00669." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [date], and be sent to the Clerk of the Court, Class Counsel and Beyond Meat's Counsel. You cannot speak at the hearing if you excluded yourself.

# IF YOU DO NOTHING

## 21. What happens if I do nothing at all?

If you do nothing, you'll get no money from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Beyond Meat about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

## 22. Are there more details about the Settlement?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. The complete Settlement Agreement with all its terms can be found here.

## 23. How do I get more information?

To get case documents or get answers to your questions:

- contact your lawyer (information below)
- visit the case website at [website]
- access the Court Electronic Records (PACER) system online or by visiting the Clerk's office of the Court (address below).

| Resource | Contact Information |
|---|---|
| **Case website** | [website] |
| **Settlement Administrator** | [Settlement Administrator]<br>[Street address]<br>[City, State, Zip Code]<br>[Phone Number] |
| **Your Lawyers** | [Law Firm]<br>[Law Firm email address]<br>[Street address]<br>[City, State, Zip Code]<br><br>[Law Firm]<br>[Law Firm email address]<br>[Street address]<br>[City, State, Zip Code] |

QUESTIONS? CALL (800) [INSERT] TOLL FREE, OR VISIT [INSERT]

-10-

| Court Address<br><br>(DO NOT CONTACT WITH QUESTIONS REGARDING THE SETTLEMENT) | U.S. District Court for the Northern District of Illinois<br>Everett McKinley Dirksen United States Courthouse<br>219 South Dearborn Street<br>Chicago, IL 60604 |
|---|---|
| PACER (Public Access to Court Electronic Records) | https://pacer.login.uscourts.gov/csologin/login.jsf |

# Exhibit 3



United States District Court for the Northern District of Illinois
*In Re: Beyond Meat, Inc., Protein Content Marketing and Sales Practices Litigation*
Case No. 1:23-cv-00669

# Class Action Notice

*A federal Court authorized this Notice. This is not a solicitation from a lawyer. Your legal rights are affected whether you act or do not act. Please read this Notice carefully.*

## If you purchased Beyond Meat Products, you may be entitled to money as part of the Settlement.

This Notice is to tell you about the Settlement of a class action lawsuit titled, *In Re: Beyond Meat, Inc., Protein Content Marketing and Sales Practices Litigation*, Case No. 1:23-cv-00669 (the "Action") brought on behalf of people who purchased Beyond Meat Products. If you purchased Beyond Meat Products for household use and not for resale or distribution, from May 31, 2018 to and including [Preliminary Approval Date], **you may be a member of the group of people affected**, called the "Settlement Class", and **you may be entitled to money as part of the Settlement**. This Notice tells you how to get more information about the Settlement.

The Action claims that the labels and related marketing of Beyond Meat Products overstate the protein content and quality. Beyond Meat denies all allegations and settled the Action to avoid further litigation. The Court has not decided who is right.

The Settlement makes available to Settlement Class Members $7,500,000 (the "Settlement Amount"), which is structured to cover and include Cash Payments to eligible claimants, Notice and Administrative Costs, Attorneys' Fees and Expenses (not to exceed one-third of the Settlement Amount), and Service Awards of $2,500 to each of the named Plaintiffs.

| Your options: | More about each option: |
|---|---|
| **Submit a Claim Form** | File a Claim to be eligible to get a Cash Payment from the Settlement. The Claim Form must be submitted by [Claim Deadline]. |
| **Opt Out** | Submit a request to exclude yourself from the Settlement Class. Get no Cash Payment, keep the right to sue Beyond Meat about the legal claims in this case. The deadline to request to opt out from the Settlement Class is [Opt-Out and Objection Date]. |
| **Do Nothing** | Get no Cash Payment. Give up the right to sue Beyond Meat about the legal claims in this case. |
| **Object** | Write to the Court about why you object to the terms of the Settlement. The deadline to object is [Opt-Out and Objection Date]. |

| Go to the Hearing | Ask to speak in Court about the fairness of the Settlement. |
|---|---|

**FOR INSTRUCTIONS ON SUBMITTING A CLAIM, OBJECTING, OR OPTING OUT, PLEASE VISIT [Website]**

If you have questions, need assistance or update your contact information, please visit [Website], email [Email], or call [Phone Number].

# Exhibit 4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: Beyond Meat, Inc., Protein Content Marketing and Sales Practices Litigation | ) ) ) ) ) ) | **Case No. 1:23-cv-00669** <br><br> **MDL No. 3059** <br><br> **Judge Sara L. Ellis** |

## [DRAFT] PRELIMINARY APPROVAL ORDER

Having fully considered Plaintiffs' Motion For Preliminary Approval Of Class Action Settlement ("Motion"), the Parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

1.     Except as otherwise provided below, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Settlement Agreement and Release, attached to the Motion as **Exhibit A.**

2.     The Court preliminarily approves the Agreement subject to the Fairness Hearing, the purpose of which will be to decide whether to grant final approval to the Settlement reached by the Parties. The Court finds that the Agreement, the Settlement set forth therein and all exhibits attached thereto and/or to the Motion are fair, reasonable and adequate, entered into in good faith, free of collusion to the detriment of the Settlement Class and within the range of possible judicial approval to warrant sending notice of *In Re: Beyond Meat, Inc. Protein Content Marketing and Sales Practices Litigation*, Case No. 1:23-cv-00669, MDL No. 3059 (N.D. Ill.) and the proposed Settlement to the Settlement Class and to hold a full hearing on the proposed Settlement.

3.     For settlement purposes only, conditioned upon final certification of the proposed

class and upon Final Judgment, the Court finds that the Action may be maintained on behalf of

the following class:

> All persons (individuals and/or entities) who purchased any
> Beyond Meat Product for household use and not for resale or
> distribution, from May 31, 2018 to and including the date of the
> Preliminary Approval Order.
>
> Excluded from the Settlement Class are: (i) Beyond Meat, Inc. and
> its officers, directors, and employees; and Beyond Meat, Inc.'s
> corporate affiliates and corporate affiliates' officers, directors,
> counsel, and employees; (ii) Class Counsel ; (iii) the judges who
> have presided over the Action; and (iv) all other persons who
> timely elect to become opt-outs from the Settlement Class in
> accordance with the Court's Orders.

4.     The Court recognizes that Beyond Meat reserves all their defenses and objections

against and rights to oppose any request for class certification in the event that the proposed

Settlement does not become final for any reason.  Beyond Meat also reserves all their defenses to

the merits of the claims asserted in the event the Settlement does not become final for any

reason.

5.     For settlement purposes only, the Court preliminarily appoints Plaintiffs

Angelique Roberts, Hannah Offutt, Dylan Rushing, Orlandra Hawthorne, Nisha Albert, Adam

Sorkin, Dartisha Anderson, Rosemarie Ramirez, Mary Yoon, Christopher Bates, Christine

Borovoy, Richard D. Garcia, Erica Nichols Cook, Jennifer Speer, Todd Miller, and Stan Zakinov

as representatives of the Settlement Class.

6.     For settlement purposes only, the Court preliminarily appoints Nick Suciu of

Milberg Coleman Bryson Phillips Grossman PLLC to act as Lead Class Counsel and Nick Suciu

III of Milberg Coleman Bryson Phillips Grossman PLLC and Smith Krivoshey, P.C., Shub Law

Firm, Fegan Scott LLC, The Sultzer Law Group P.C. and Lockridge Grindal Nauen PLLP as Class Counsel.

7.     The Court appoints Kroll as the Settlement Administrator, who will be an agent of the Court and subject to the Court's supervision and direction as circumstances may require.

8.     Notice to the Settlement Class shall begin no later than sixty (60) days after entry of this order.  Notice shall be in a form substantially the same as the notice attached to the Settlement Agreement as **Exhibits 2** and **3** and shall be effectuated as follows:

> a.   On or before the Notice Date, the Settlement Administrator shall establish a Settlement Website that will inform Settlement Class Members of the terms of this Agreement, their rights, dates and deadlines and related information.

> b.   The Settlement Website shall include, in .pdf format, materials agreed upon by the Parties and/or required by the Court, including a long form notice, which shall be in substantially the same form as **Exhibit 2** to the Agreement.

> c.   The Settlement Administrator shall establish a toll-free telephone number that will provide Settlement-related information to Settlement Class Members.

> d.   The Class Action Settlement Administrator will cause Publication Notice to be published in accordance with a schedule and plan submitted by the Settlement Administrator to the Court, which shall be in substantially the same form as **Exhibit 3** to the Agreement.

9.     The form and content of the notice are fair and reasonable, and notice shall be disseminated to the Settlement Class as due process and Rule 23 of the Federal Rules of Civil Procedure require and in accordance with the Agreement.

10.     The Court finds that the notice and notice plan meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all potential Settlement Class Members.     The notice is reasonably calculated, under the circumstances, to apprise the Settlement Class: (a) of the pendency of the Action and the essential terms of the Settlement; (b) of the benefits the Settlement provides to the Settlement Class as well as how to claim those benefits; (c) of any requested amounts for Attorneys' Fees and Expenses and Service Awards; (d) of their right to exclude themselves from the Settlement Class and the proposed Settlement; (e) that any judgment, whether favorable or not, will bind all Settlement Class Members who do not request exclusion; (f) that any Settlement Class Member who does not request exclusion may object to the Settlement, the request for attorneys' fees and costs and/or the service award and, if he or she desires, enter an appearance personally or through counsel; and (g) prominently display the address of Class Counsel and the Settlement Administrator as well as the procedure for making inquiries.  The Court further finds that the notices are written in plain English and are readily understandable by Settlement Class Members.

11.     No later than twenty-eight (28) days before the Fairness Hearing, the Settlement Administrator shall file a declaration with the Court attesting to attesting to the Class Notice and all measures undertaken to provide notice of the Settlement Class.

12.     The Court approves the Claim Form in substantially the same form as the Claim Form attached to the Agreement as **Exhibit 1**.  Any Settlement Class Member who wishes to receive benefits under the Agreement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Agreement.  Such Claim Forms must be postmarked or submitted online to the Settlement Administrator one hundred and eighty days from the Notice

Date. Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

13.     Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written request for exclusion to the Settlement Administrator at the address provided in the Class Notice, or submit via the Settlement Website, postmarked/electronically submitted no later than forty-five (45) days after the Notice Date. The opt-out request must (a) identify the Settlement Class Member by name, address, and phone number and (b) state that he or she wishes to be excluded from the Settlement Class. A Settlement Class Member may opt-out on an individual basis only. So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class member, shall not be allowed.

14.     A timely and valid request to opt out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement. The Settlement Administrator shall compile a list of all members of the Settlement Class who properly and timely submit an opt-out request.

15.     If a Settlement Class Member files both a Claim Form and an exclusion request, the Claim Form shall take precedence and be considered valid and binding, and the exclusion request shall be deemed to have been sent by mistake and rejected.

16.     Any Settlement Class Member who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this

Action, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

17. The Settlement Administrator shall provide the Opt-Out List to Class Counsel and Beyond Meat's Counsel within a reasonable amount of time after the Opt-Out and Objection Deadline and shall file the Opt-Out List along with a declaration attesting to the completeness and accuracy thereof with the Court no later than twenty-eight (28) days before the Fairness Hearing.

18. Any Settlement Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness or adequacy of the Agreement or the proposed Settlement or who wishes to object to the award of Attorneys' Fees and Expenses or Plaintiffs' Service Awards must file with the Court and serve on Class Counsel and Beyond Meat's Counsel, delivered no later than the Opt-Out and Objection Deadline, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

    a. the full name and current address and telephone number of the Settlement Class Member;

    b. proof that the Settlement Class Member purchased Beyond Meat Product(s) during the Class Period;

    c. a statement of the amount of Beyond Meat Products purchased (in units or dollars);

    d. all of the Settlement Class Member's objections, the reasons therefor, and all supporting papers, including, without limitation, all briefs, written evidence, and declarations;

e.     a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing;

f.     the Settlement Class Member's signature and the signature of any attorney representing the Settlement Class Member; and

g.     a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years.  If the Settlement Class Member or his or her counsel has not made any such prior objection, the Settlement Class Member shall affirmatively so state in the written materials provided with the objection.

19.     Neither an objection signed by counsel alone nor any "mass" or "class" objections shall be valid.

20.     Any objections must be appropriately filed with the Court no later than no later than forty-five (45) days after the Notice Date.  A copy of the objection, must also be delivered to Class Counsel and to Beyond Meat's Counsel.

21.     No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and delivered to Class Counsel and to Beyond Meat's Counsel, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs.  Any Settlement Class Member who does not file a written objection in the time and manner described above shall be: (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Fairness Hearing; (c) bound by all of the terms of the Agreement and by all

proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

22.     Any objecting Settlement Class Member who intends to appear at the Fairness Hearing, either with or without counsel, must also file a notice of intention to appear with the Court postmarked no later than the Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to the Settlement Administrator, as set forth above.

(a)     If the objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify any attorney representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address and state bar(s) to which counsel is admitted.  Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the attorneys' fees and expenses will be at the Class Member's own expense; and

(b)     If the objecting Settlement Class Member intends to request the Court allow the Settlement Class Member to call witnesses at the Fairness Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than the Objection Deadline.  If a witness is not identified in the notice of appearance, such witness shall not be permitted to object or appear at the Fairness Hearing.

23.     The Settlement Administrator will establish a post office box to be used for receiving requests for exclusion, Claim Forms and any other communications relating to this Settlement.

24.     The Court preliminarily enjoins all Settlement Class Members unless and until they have timely and properly excluded themselves from the Settlement Class from (a) filing,

commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Settlement Class Member who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (c) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Beyond Meat, any other Released Person and Class Counsel as a result of the violation. This Order is not intended to prevent members of the Class from participating in any action or investigation initiated by a state or federal agency.

25. A Fairness Hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate shall be conducted in the United States Courthouse, United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, Courtroom 1403, commencing on [date] at [time]. [a date on or after 12/13/24]

26.     The Court may reschedule the Fairness Hearing without further written notice.  If the Fairness Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Fairness Hearing will be posted on the Court's docket and the Settlement Website.

27.     Papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than one hundred thirty (130) days following the entry of this Order.

28.      An application of Class Counsel for an award of fees and expenses shall be filed with the Court no later than sixty (60) days following the entry of this Order.

29.     All discovery and other pre-trial proceedings in this Action are stayed and suspended pending the Fairness Hearing, except such actions as may be necessary to implement the Agreement and this Order.

30.     The Settlement Administrator shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), no later than fifteen (15) days following the Notice Date.

31.     This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason. In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

32.     Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Beyond Meat of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class for purposes other than for settlement. This Order shall not be construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

33.     The terms and provisions of the Agreement may be amended by agreement of the Parties in writing or with approval of the Court without further notice to the Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

IT IS SO ORDERED:

_____

Hon. Sara J. Ellis
United States District Court Judge, Northern
District Of Illinois, Eastern Division

# Exhibit 5

**Exhibit 5 – List of Actions**

1.  <u>In Re: Beyond Meat, Inc. Protein Content Marketing and Sales Practices Litigation</u>, Case No. 1:23-cv-00669, MDL No. 3059 (N.D. Ill.)

2.  <u>Angelique Roberts, et al. v. Beyond Meat, Inc.</u>, Case No. 1:22-cv-02861 (N.D. Ill.)

3.  <u>Christine Borovoy v. Beyond Meat, Inc.</u>, Case No. 1:22-cv-06302 (N.D. Ill.)

4.  <u>Richard D. Garcia, et al. v. Beyond Meat, Inc.</u>, Case No. 4:22-cv-00297 (S.D. Iowa)

5.  <u>Kathlyn Cascio v. Beyond Meat, Inc.</u>, Case No. 2:22-cv-04018 (E.D.N.Y)

6.  <u>Todd Miller v. Beyond Meat, Inc.</u>, Case No. 1:22-cv-06336 (S.D.N.Y.)

7.  <u>Stan Zakinov v. Beyond Meat, Inc.</u>, Case No. 4:23-cv-00144 (S.D. Tex.)