UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: Beyond Meat, Inc., Protein Content Marketing and Sales Practices Litigation | Case No. 1:23-cv-00669<br><br>MDL No. 3059<br><br>Judge Sara L. Ellis |

**PRELIMINARY APPROVAL ORDER**

Having fully considered Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion"), the Parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

1. Except as otherwise provided below, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Settlement Agreement and Release, attached to the Motion as **Exhibit B.**

2. The Court preliminarily approves the Agreement subject to the Fairness Hearing, the purpose of which will be to decide whether to grant final approval to the Settlement reached by the Parties. The Court finds that the Agreement, the Settlement set forth therein and all exhibits attached thereto and/or to the Motion are fair, reasonable and adequate, entered into in good faith, free of collusion to the detriment of the Settlement Class and within the range of possible judicial approval to warrant sending notice of *In Re: Beyond Meat, Inc. Protein Content Marketing and Sales Practices Litigation*, Case No. 1:23-cv-00669, MDL No. 3059 (N.D. Ill.) and the proposed Settlement to the Settlement Class and to hold a full hearing on the proposed Settlement.

3. For settlement purposes only, conditioned upon final certification of the proposed class and upon Final Judgment, the Court finds that the Action may be maintained on behalf of the following class:

> All persons (individuals and/or entities) who purchased any Beyond Meat Product for household use and not for resale or distribution, from May 31, 2018 to the date of the Preliminary Approval Order.
>
> Excluded from the Settlement Class are: (i) Beyond Meat, Inc. and its officers, directors, and employees; and Beyond Meat, Inc.'s corporate affiliates and corporate affiliates' officers, directors, and employees; (ii) Class Counsel and Plaintiffs' Additional Counsel; (iii) the judges who have presided over the Action; and (iv) all other persons who timely elect to become opt-outs from the Settlement Class in accordance with the Court's Orders.

4. The Court recognizes that Beyond Meat reserves all their defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become final for any reason. Beyond Meat also reserves all their defenses to the merits of the claims asserted in the event the Settlement does not become final for any reason.

5. For settlement purposes only, the Court preliminarily appoints Plaintiffs Angelique Roberts, Hannah Offutt, Dylan Rushing, Orlandra Hawthorne, Nisha Albert, Adam Sorkin, Dartisha Anderson, Rosemarie Ramirez, Mary Yoon, Christopher Bates, Christine Borovoy, Richard D. Garcia, Erica Nichols Cook, Jennifer Speer, Todd Miller, and Stan Zakinov as representatives of the Settlement Class.

6. For settlement purposes only, the Court preliminarily appoints Nick Suciu of Milberg Coleman Bryson Phillips Grossman PLLC to act as Class Counsel.

7. The Court appoints Kroll as the Settlement Administrator, who will be an agent of the Court and subject to the Court's supervision and direction as circumstances may require.

8. Notice to the Settlement Class shall begin no later than sixty (60) days after entry of this order. Notice shall be in a form substantially the same as the notice attached to the Settlement Agreement as **Exhibits 2** and **3** and shall be effectuated as follows:

   a. On or before the Notice Date, the Settlement Administrator shall establish a Settlement Website that will inform Settlement Class Members of the terms of this Agreement, their rights, dates and deadlines and related information.

   b. The Settlement Website shall include, in .pdf format, materials agreed upon by the Parties and/or required by the Court, including a long form notice, which shall be in substantially the same form as **Exhibit 2** to the Agreement, with the addition of the following bullet point in Section 23, "Do not contact or call the Court or the Judge regarding the Settlement."

   c. The Settlement Administrator shall establish a toll-free telephone number that will provide Settlement-related information to Settlement Class Members.

   d. The Class Action Settlement Administrator will cause Publication Notice to be published in accordance with a schedule and plan submitted by the Settlement Administrator to the Court, which shall be in substantially the same form as **Exhibit 3** to the Agreement, with the addition of the following language in the last paragraph, "Do not contact or call the Court or the Judge regarding the Settlement."

9. The form and content of the notice are fair and reasonable, and notice shall be disseminated to the Settlement Class as due process and Rule 23 of the Federal Rules of Civil Procedure require and in accordance with the Agreement.

10. The Court finds that the notice and notice plan meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all potential Settlement Class Members. The notice is reasonably calculated, under the circumstances, to apprise the Settlement Class: (a) of the pendency of the Action and the essential terms of the Settlement; (b) of the benefits the Settlement provides to the Settlement Class as well as how to claim those benefits; (c) of any requested amounts for Attorneys' Fees and Expenses and Service Awards; (d) of their right to exclude themselves from the Settlement Class and the proposed Settlement; (e) that any judgment, whether favorable or not, will bind all Settlement Class Members who do not request exclusion; (f) that any Settlement Class Member who does not request exclusion may object to the Settlement, the request for attorneys' fees and costs and/or the service award and, if he or she desires, enter an appearance personally or through counsel; and (g) prominently display the address of Class Counsel and the Settlement Administrator as well as the procedure for making inquiries. The Court further finds that the notices are written in plain English and are readily understandable by Settlement Class Members.

11. No later than twenty-eight (28) days before the Fairness Hearing, the Settlement Administrator shall file a declaration with the Court attesting to attesting to the Class Notice and all measures undertaken to provide notice of the Settlement Class.

12. The Court approves the Claim Form in substantially the same form as the Claim Form attached to the Agreement as **Exhibit 1**. Any Settlement Class Member who wishes to receive benefits under the Agreement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Agreement. Such Claim Forms must be postmarked and submitted to the Settlement Administrator one hundred and eighty days from the Notice

Date. Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

13. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written request for exclusion to the Settlement Administrator at the address provided in the Class Notice, and the Settlement Website, postmarked no later than forty-five (45) days after the Notice Date. The opt-out request must (a) identify the Settlement Class Member by name, address, and phone number and (b) state that he or she wishes to be excluded from the Settlement Class. A Settlement Class Member may opt-out on an individual basis only. So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class member, shall not be allowed.

14. A timely and valid request to opt out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement. The Settlement Administrator shall compile a list of all members of the Settlement Class who properly and timely submit an opt-out request.

15. Any Settlement Class Member who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Action, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

16. The Settlement Administrator shall provide the Opt-Out List to Class Counsel and Beyond Meat's Counsel within a reasonable amount of time after the Opt-Out and Objection Deadline and shall file the Opt-Out List along with a declaration attesting to the completeness and accuracy thereof with the Court no later than twenty-eight (28) days before the Fairness Hearing.

17. Any Settlement Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness or adequacy of the Agreement or the proposed Settlement or who wishes to object to the award of Attorneys' Fees and Expenses or Plaintiffs' Service Awards must file with the Court and serve on Class Counsel and Beyond Meat's Counsel, delivered no later than the Opt-Out and Objection Deadline, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

    a. the full name and current address and telephone number of the Settlement Class Member;

    b. proof that the Settlement Class Member purchased Beyond Meat Product(s) during the Class Period;

    c. a statement of the amount of Beyond Meat Products purchased (in units or dollars);

    d. all of the Settlement Class Member's objections, the reasons therefor, and all supporting papers, including, without limitation, all briefs, written evidence, and declarations;

    e. a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing;

    f.  the Settlement Class Member's signature and the signature of any attorney representing the Settlement Class Member; and

    g.  a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years.  If the Settlement Class Member or his or her counsel has not made any such prior objection, the Settlement Class Member shall affirmatively so state in the written materials provided with the objection.

  18. Neither an objection signed by counsel alone nor any "mass" or "class" objections shall be valid.

  19. Any objections must be appropriately filed with the Court no later than no later than forty-five (45) days after the Notice Date.  A copy of the objection, postmarked no later than the Opt-Out and Objection Deadline, must also be mailed to the Settlement Administrator at the post office box described further below.

  20. No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to the Settlement Administrator, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs.  Any Settlement Class Member who does not file a written objection in the time and manner described above shall be: (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Fairness Hearing; (c) bound by all of the terms of the Agreement and by all proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

-8-

21. Any objecting Settlement Class Member who intends to appear at the Fairness Hearing, either with or without counsel, must also file a notice of intention to appear with the Court postmarked no later than the Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to the Settlement Administrator, as set forth above.

(a) If the objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify any attorney representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address and state bar(s) to which counsel is admitted. Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the attorneys' fees and expenses will be at the Class Member's own expense; and

(b) If the objecting Settlement Class Member intends to request the Court allow the Settlement Class Member to call witnesses at the Fairness Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than the Objection Deadline. If a witness is not identified in the notice of appearance, such witness shall not be permitted to object or appear at the Fairness Hearing.

22. The Settlement Administrator will establish a post office box to be used for receiving requests for exclusion or objections, Claim Forms and any other communications relating to this Settlement.

23. The Court preliminarily enjoins all Settlement Class Members unless and until they have timely and properly excluded themselves from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any

jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Settlement Class Member who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (c) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Beyond Meat, any other Released Person and Class Counsel as a result of the violation. This Order is not intended to prevent members of the Class from participating in any action or investigation initiated by a state or federal agency.

24. A Fairness Hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate shall be conducted in the United States Courthouse, United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, Courtroom 1403, commencing on Thursday, January 23, 2025 at 2 p.m.

25. The Court may reschedule the Fairness Hearing without further written notice. If the Fairness Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Fairness Hearing will be posted on the Court's docket and the Settlement Website.

26. Papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than one hundred thirty (130) days following the entry of this Order.

27. An application of Class Counsel for an award of fees and expenses shall be filed with the Court no later than sixty (60) days following the entry of this Order.

28. All discovery and other pre-trial proceedings in this Action are stayed and suspended pending the Fairness Hearing, except such actions as may be necessary to implement the Agreement and this Order.

29. The Settlement Administrator shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), no later than fifteen (15) days following the Notice Date.

30. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason. In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

31. Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Beyond Meat of the truth of any of the allegations in the

Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class for purposes other than for settlement. This Order shall not be construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

32. The terms and provisions of the Agreement may be amended by agreement of the Parties in writing or with approval of the Court without further notice to the Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

IT IS SO ORDERED:

DATED: August 14, 2024

Hon. Sara L. Ellis
United States District Court Judge, Northern
District of Illinois, Eastern Division